**KEYSTONE PUBLISHERS SERVICE, INC., Appellant,**

v.

**George ROSS, an individual; George Ross Enterprises, a California corporation; Capital Safety Systems, Inc., a California corporation d/b/a Capital Service Co., Appellees.**

**No. 84–1592.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 11, 1984.

Decided Nov. 9, 1984.

Richard L. Rick, Des Moines, Iowa, for appellant.

Paul A. Zoss, Des Moines, Iowa, for appellees.

Before ROSS and McMILLIAN, Circuit Judges, and DEVITT,* District Judge.

---

* The HONORABLE EDWARD J. DEVITT, Senior Judge, United States District Court for the District of Minnesota, sitting by designation.

**1234**

PER CURIAM.

Keystone Publishers Service, Inc. appeals from the dismissal of its claim against George Ross, George Ross Enterprises and Capital Safety Systems, Inc. The district court [1] dismissed the action for lack of personal jurisdiction over the defendants. We affirm.

The plaintiff, referred to as Keystone-Iowa, is an Iowa corporation which sells magazine subscriptions for various publishers. In 1980, Keystone-Iowa purchased from its affiliate, Keystone Readers Service, Inc. (Keystone-Delaware), the right to use a certain customer list for the purpose of securing renewal contracts. Prior to that time, the defendant Ross, acting through one or the other of the two defendant corporations, conducted a subscription business with Keystone-Delaware under a franchise agreement.

On November 23, 1983, Keystone-Iowa filed an action against the defendants in federal district court in Iowa alleging that the defendants were using the subscription list and other information gained from their prior business contact with Keystone-Delaware. Specifically Keystone-Iowa alleged unfair competition, intentional interference with contractual relations, infringement on a servicemark, unlawful racketeering under the RICO statute, 18 U.S.C. §§ 1961–68 (1982), and violation of the Lanham Act, 15 U.S.C. § 1125(a) (1982).

The defendants filed a motion to dismiss for lack of jurisdiction pursuant to Fed.R. Civ.P. 12(b)(2), claiming that they did not have the requisite minimum contacts with Iowa. Ross is a citizen of California and both corporate defendants are incorporated in California. None of the defendants conduct any business in Iowa. The only contacts alleged by Keystone-Iowa are interferences with renewal contracts *outside* the State of Iowa causing damages to plaintiff *in* Iowa.

The district court sustained the motion, noting that the plaintiff had not met its burden of proving facts upon which personal jurisdiction could be asserted. *See Block Industries v. DHJ Industries, Inc.,* 495 F.2d 256, 259 (8th Cir.1974).

After a careful review of the record, we conclude that the defendants did not have sufficient minimum contacts with Iowa and thus the assertion of jurisdiction over them would be inconsistent with due process. Therefore, in accordance with the rules of this court, we affirm the district court's order to dismiss. *See* 8TH CIR.R. 14.

---

**1.** The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.