**Gary ZIMMERMAN, Plaintiff,**

v.

**The UNITED STATES FOOTBALL LEAGUE, IMI Express, Inc., d/b/a Los Angeles Express; Memphis Showboats, Inc., and Investment Mortgage International Inc., Defendants.**

**Civ. No. 4–86–400.**

United States District Court,
D. Minnesota,
Fourth Division.

May 14, 1986.

Joe A. Walters and Corey J. Ayling, O'Connor & Hannan, Minneapolis, Minn. (James J. Kiles, III, of counsel), O'Connor & Hannan, Washington, D.C., for plaintiff.

Robert J. Hennessey and Andrew J. Mitchell, Larkin, Hoffman, Daly & Lindgren, Bloomington, Minn., and Bert H. Deixler, George R. McCambridge, Shinaan S. Krakowsky, and Lary Alan Rappaport, Los Angeles, Cal., for defendants.

MacLAUGHLIN, District Judge.

This matter is before the Court on plaintiff's motion for a temporary restraining

order. The Court heard oral arguments on May 14, 1986. Joe A. Walters, James J. Kiles, III, and Corey J. Ayling appeared for plaintiff; Robert J. Hennessey and Andrew J. Mitchell appeared for defendants.

FACTS

Plaintiff in this action, Gary Zimmerman, is a professional football player. Plaintiff is a resident and citizen of Oregon. Plaintiff began his professional football career in 1984 by entering into a series of contracts with defendant IMI Express, Inc. d/b/a Los Angeles Express (Express).[1] The Express, a California corporation having its principal place of business in New York, New York, formerly operated a football franchise in the United States Football League (USFL). The USFL, also a defendant in this action, is an unincorporated association currently comprised of eight active football franchises. None of the USFL franchises have their principal place of business in Minnesota. The only contact any defendants have with Minnesota is that Minnesota television stations carry broadcasts of USFL football games.

After the 1985 USFL season, the Express' football franchise ceased to exist. Defendant Express purportedly assigned its rights to plaintiff's employment contract to another USFL franchise, defendant Memphis Showboats, Inc. (Showboats). The Showboats are a Tennessee corporation with its principal place of business in Memphis, Tennessee. Plaintiff maintains that the assignment to the Showboats was contrary to provisions of his employment contract. Plaintiff wants the assignment declared a nullity so he can negotiate with the Minnesota Vikings (Vikings) of the National Football League. (The Vikings are not a party to this action.) Plaintiff's most immediate goal is to obtain a temporary restraining order allowing him to take part in the Viking's "minicamp" on May 14–16, 1986. Plaintiff argues that participating in the minicamp is an important opportunity for him to exhibit his skills to a potential purchaser of his services.

On May 9, 1986, plaintiff filed the present action in Hennepin County District Court, and defendants received a copy of the summons and complaint on May 12, 1986. Defendants removed the action to the United States District Court for the District of Minnesota on May 13, 1986. The Court heard oral arguments on plaintiff's request for a temporary restraining order on May 14, 1986.

DISCUSSION

The Court cannot issue a temporary restraining order in this case, unless the Court has personal jurisdiction over defendants. *See Land-O-Nod Co. v. Bassett Furniture Industries*, 708 F.2d 1338, 1340 (8th Cir.1983). In order for a court sitting in Minnesota to constitutionally exercise personal jurisdiction over non-resident defendants, the defendants must have sufficient contacts with Minnesota "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), *quoting International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

Here, defendants only contacts with Minnesota are the television broadcasts of USFL football games aired within the state. Plaintiff argues that these broadcasts constitute sufficient contacts, pointing to *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). In *Keeton*, the Supreme Court held that a publisher's shipping magazines into a state, by itself, provided sufficient contacts to allow the plaintiff to sue the publisher in that state. Plaintiff reasons that the broadcasts of USFL games into Minnesota are analogous to the magazines in *Keeton*. Yet in *Keeton*, the plaintiff's cause of action was based upon the publisher's contacts with the state since the plain-

---

**1.** Defendant Investment Mortgage International, Inc. (IMI) is the parent company of the Express. IMI is a California corporation with its principal place of business in San Francisco, California.

tiff was claiming that the magazines contained libelous statements. *See Keeton,* 104 S.Ct. at 1478. Similarly, where a plaintiff's cause of action is based upon the airing of a television broadcast, broadcasts into a state can constitute sufficient jurisdictional contacts. *See Tonka Corp. v. TMS Entertainment, Inc.,* 638 F.Supp. 386, 390–91 (D.Minn.1985) (trademark infringement); *German Educ. Tel. v. Oregon Public Broadcasting,* 569 F.Supp. 1529, 1523–33 (S.D.N.Y.1983) (same).

In the present action, however, plaintiff's lawsuit does not claim that the broadcasts of USFL games in Minnesota are in any way improper. Where a plaintiff's cause of action does not arise from television broadcasts into a state, the broadcasts do not constitute sufficient contacts for personal jurisdiction. *Manton v. California Sports, Inc.,* 493 F.Supp. 496, 498 (N.D.Ga. 1980); *Munchak Corporation v. Riko Enterprises, Inc.,* 368 F.Supp. 1366, 1374 (M.D.N.C.1973); *cf. Tonka Corp.,* at 390. Neither does plaintiff's claim that defendants are interfering with plaintiff's prospective contractual relationships give any added importance to the USFL broadcasts as contacts with Minnesota. *See Munchak Corporation,* 368 F.Supp. at 1374–75; *cf. Keystone Publishers Service, Inc. v. Ross,* 747 F.2d 1233, 1234 (8th Cir.1984) (per curiam).

Since the Court lacks personal jurisdiction over defendants, the Court cannot grant plaintiff's request for a temporary restraining order. Plaintiff, moreover, must pursue his action in a jurisdiction other than Minnesota.

Based on the foregoing and upon all the files, records, and proceedings in this matter,

IT IS ORDERED that plaintiff's motion for a temporary restraining order is denied.

IT IS FURTHER ORDERED that this action is dismissed for lack of personal jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.