**S. S. KRESGE COMPANY,**
Plaintiff,

v.

**KAMEI–AUTOKOMFORT,**
Defendant.

**No. 3–73 Civ. 140.**

United States District Court,
D. Minnesota,
Third Division.

Sept. 6, 1973.

Dorsey, Marquart, Windhorst, West & Halladay, by Peter Dorsey, and Jon F. Tuttle, Minneapolis, Minn., for plaintiff.

Merchant, Gould, Smith & Edell, P.A., by John D. Gould, and John S. Sumners, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Plaintiff, the S. S. Kresge Company, a Michigan corporation (Kresge) licensed to do business in Minnesota, has brought this action seeking a declaratory judgment that a patent held by defendant, Kamei-Autokomfort, (Kamei) is invalid, or alternatively that plaintiff's acts do not infringe the patent. Defendant is a West German corporation which owns a United States patent on an automobile steering-wheel cover. Its exclusive United States licensee is Superior Industries, Inc. (Superior), a California corporation, which, it is alleged, does a substantial amount of business in, and sells a large number of the manufactured patented products in Minnesota. Defendant Kamei has no direct contacts with Minnesota; it maintains no office here, owns no property here, has no personnel located here or who calls on customers in Minnesota and is not licensed here as a foreign corporation. The present lawsuit arises because its exclusive licensee, Superior, manufactures or causes to be manufactured outside Minnesota the patented steering wheel covers some of which are sold in Minnesota, while plaintiff Kresge purchases from some other source and sells in Minnesota and elsewhere claimed infringing steering wheel covers. Kresge presently has pending in this court an earlier filed suit against defendant's licensee, Superior (3–72 Civ. 145) which challenges the validity of the patent here involved and seeks to litigate the question of infringement. Kresge's difficulty seems to be that in its efforts at discovery therein, Superior denies knowledge of many things, stating that such factual information as is requested is in the possession of Kamei. Kresge thus desires to make Kamei a defendant. Kresge would not it seems have this difficulty were it content to proceed to trial in the United States District Court in Michigan which is the state of Kresge's home office and where both Kamei and Superior have joined as plaintiffs in a suit to enjoin Kresge. Presumably the reason for suit here is that Kresge desires to be a litigant in the Eighth Circuit. In any event, this court by order dated August 31, 1972 denied a motion to dismiss the Superior suit or to transfer the same.

The present case is now before the court on defendant Kamei's motion to dismiss on the grounds that it is not personally subject to the jurisdiction of the court and that it has not been properly served with process. A plaintiff in a federal district court of course may avail itself of the "long arm" statutes of the state in which the court sits in order to obtain *in personam* jurisdiction over a defendant. See Rule 4(e) and (f) of the Federal Rules of Civil Procedure; United States v. First National City Bank, 379 U.S. 378, 85 S.Ct. 528, 13 L. Ed.2d 365 (1965); Japan Gas Lighter Ass'n v. Ronson Corp., 257 F.Supp. 219 (D.N.J.1966). Thus, it is asserted that this court has jurisdiction over the defendant by virtue of either Minn.Stat. § 303.13 or Minn.Stat. § 543.19, or both. We shall consider each statute separately.

Minn.Stat. § 303.13 provides in relevant part:

> Subdivision 1. Foreign corporation. A foreign corporation shall be subject to service of process, as follows: . . . (3) If a foreign corporation makes a contract with a resident of Minnesota to be performed in whole or in part by either party in Minnesota, or if such foreign corporation commits a tort in whole or in part in Minnesota against a resident of Minnesota, such acts shall be deemed to be doing business in Minnesota by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of the state of Minnesota and his successors to be its true and lawful attorney upon whom may be served all lawful process in any actions or proceedings against the foreign corporation arising from or growing out of such contract or tort.

Thus, to sustain jurisdiction over a foreign corporation, this court must find each of at least three elements: a contract (1) with a Minnesota resident, (2) to be performed in Minnesota, and (3) a cause of action arising out of that contract. It is clear that Kresge and Kamei have no contractual relations whatsoever. It is also clear that no claim can be made of the commission of a tort by Kamei in whole or in part in Minnesota. It is argued on behalf of Kresge, however, that the licensee Superior, by virtue of its doing business in Minnesota, is a Minnesota resident and thus that the licensing agreement between defendant Kamei and Superior is a contract with a Minnesota resident; that since Superior sells steering-wheel covers in Minnesota, the licensing agreement is therefore partly performed in Minnesota; and that this action for declaratory judgment arises out of that agreement.

■ The court has trouble accepting each one of these ingenious propositions taken separately, and taken together finds them sufficiently without merit so that jurisdiction cannot be sustained.

United Barge Co. v. Logan Charter Service, Inc., 237 F.Supp. 624 (D.Minn. 1964), urged on the court by the plaintiff, does not support its thesis. That case makes clear that a corporation need not be incorporated in Minnesota in order to be a Minnesota resident, but there must be some substantial contact with the state, such as being headquartered here, having a permanent office here, or being licensed to do business here, none of which applies to Superior. See also Hunt v. Nevada State Bank, 285 Minn. 77, 172 N.W.2d 292 (1969). It also seems to be straining the plain meaning of the language of the statute to say that the contract between defendant and Superior of which Kresge is no part is "to be performed in whole or in part by either party in Minnesota." The licensing agreement merely sets forth the amount of royalties to be paid for use of the license and similar related agreements; it was signed by the parties in Germany and California and by its terms is to be construed in accordance with New York law; it does not require that anything be done in Minnesota; indeed the agreement nowhere mentions Minnesota, and Minnesota's only connection with the agreement is that it falls within the territory throughout which Superior may, if it chooses, make, use, and sell the steering-wheel covers, which territory includes all of the United States, Canada and Mexico. Finally, it must be said that this action for a declaratory judgment of patent invalidity and noninfringement "arises from" at best quite indirectly and tangentially from the agreement between Kamei and Superior, since any dispute between Kresge and Kamei is really independent of and will not be resolved by reference to the licensing agreement.

■ The second statute under which jurisdiction is asserted, Minn.Stat. § 543.19, is even broader than § 303.13; indeed, it has been held that the purpose of § 543.19 is to extend the extraterritorial jurisdiction of Minnesota courts to the maximum extent permissible within the bounds of constitutional due process.

Hunt v. Nevada State Bank, 285 Minn. 77, 172 N.W.2d 292 (1969). Section 543.19 provides in part as follows:

> Subdivision 1. As to a cause of action arising from any acts enumerated in this subdivision, a court of this state with jurisdiction of the subject matter may exercise personal jurisdiction over any foreign corporation or any non-resident individual, or his personal representative, in the same manner as if it were a domestic corporation or he were a resident of this state. This section applies if, in person or through an agent, the foreign corporation or non-resident individual:
>
> (a) Owns, uses, or possesses any real or personal property situated in this state or
>
> (b) Transacts any business within the state, or . . ..

It is argued on behalf of the plaintiff Kresge that the activities of the defendant are covered by either subdivision 1(a) or subdivision 1(b) of the statute, or both. It appears to this court, however, that defendant Kamei is not transacting any business within Minnesota. Certainly Superior is transacting business here, but this court does not believe that Superior, although licensed by the defendant, is the agent of the defendant such that its business activity can be imputed to the defendant for jurisdictional purposes. See Japan Gas Lighter Ass'n v. Ronson Corp., 257 F.Supp. 219 (D.N.J.1966), where the court found defendant's patent licensee not to be a sufficiently complete agent to receive service of process. See also Hydraulics Unlimited Mfg. Co. v. B/J Mfg. Co., 323 F.Supp. 996 (D.Colo. 1971), aff'd 449 F.2d 775 (10th Cir. 1971), where the Colorado court held that it had no jurisdiction over a Kansas patent licensor, even though the Kansas corporation had entered into a licensing agreement with a Colorado corporation and received royalty payments from the Colorado licensee based on sales in Colorado generated by the activity of the licensee. The court found the royalty payments "too insubstantial and remote a factor to provide the requisite contacts between the defendants and the state of Colorado." 323 F.Supp. at 1000. The court was unable to find "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws," referring to the standard set forth in Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). The contacts of defendant Kamei with Minnesota are surely less substantial than were the contacts of B/J Manufacturing Company with Colorado, and thus this is even a clearer case for not finding jurisdiction. Japan Gas Lighter Ass'n v. Ronson Corp., supra, does not hold to the contrary. In that case, a federal district court in New Jersey held that it had jurisdiction over a foreign patent holder which had entered into a licensing agreement with a corporation headquartered in New Jersey. The court found that the agreement, which provided that New Jersey law was to govern the relations between the parties, had given rise to substantial business activity by the foreign corporation in New Jersey. Thus, Japan Gas Lighter may or may not be considered good precedent for finding jurisdiction in California over Kamei, but it provides no support for the proposition that a Minnesota court has in personam jurisdiction over the defendant.

■ The final basis on which jurisdiction might be founded, Minn.Stat. § 543.19(1)(a), speaks to the ownership or use of real or personal property situated in Minnesota. Plaintiff cites Imperial Products, Inc. v. Zuro, 176 U.S.P.Q. 172 (D.Minn.1971), as authority for finding assertion of a patent right to constitute the use of personal property in Minnesota. However, there are important distinctions, in the form of contacts by the defendant with Minnesota, between the Imperial Products case and the case at hand. In the Imperial Products case, the foreign patentee had as-

serted its patent rights, in the form of letters alleging infringement, in Minnesota against a corporation incorporated and headquartered in Minnesota. The court relied on these as well as other contacts of the defendant with Minnesota in finding that subjecting the defendant to Minnesota jurisdiction did not violate the requirements of due process. The defendant here, on the other hand, is asserting its patent rights by way of a civil action in Michigan against a Michigan corporation. This court does not believe that such activity constitutes the use of personal property in Minnesota. Were it doing so in Minnesota, the situation might differ.

Some mention should also be made of the constitutional requirements of due process in this area of long arm jurisdiction, for it is the opinion of this court that even if the Minnesota statutes were interpreted to allow jurisdiction over Kamei, to do so might well violate the defendant's due process rights. The requirements of due process, as explicated by the Supreme Court in a series of cases beginning with International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), were distilled into three primary and two secondary factors by Mr. Justice Blackmun, then judge of the Court of Appeals for the Eighth Circuit, in Aftanase v. Economy Baler Co., 343 F.2d 187 (8th Cir. 1965), a case which still serves as an important guideline to the courts in the Eighth Circuit. The five factors enumerated by Judge Blackmun were: (1) the quantity of contacts between the defendant and the forum state; (2) the nature and quality of the contacts; (3) the source and connection of the cause of action with those contacts; (4) the interest of the forum state, and (5) convenience. If the position of Kamei-Autokomfort is analyzed in terms of these five factors, it is apparent that none weighs very heavily in favor of finding jurisdiction. In the first place, Kamei

has no direct contacts of any sort with Minnesota. Indeed, the only state with which Kamei would appear to have direct contact is California, where it entered into a licensing agreement with a California corporation. While Superior does have contacts with Minnesota, it must be remembered that Superior is merely the licensee of the defendant, not its agent. That Kamei receives royalty payments from a California corporation that does business on a nationwide basis, including Minnesota, is simply too insubstantial a connection with Minnesota to give a court in this state jurisdiction over Kamei. It should also be noted that the cause of action does not arise uniquely from whatever contacts Kamei, through Superior, may have with Minnesota, but it arises generally wherever Superior and Kresge are in competition. Further, Minnesota has little interest in providing a forum for this litigation. While Kresge is, technically speaking, a Minnesota resident by reason of its being licensed to do business here, the state does not have the interest in providing a forum that it would if Kresge were incorporated or headquartered in Minnesota. Finally, there is no showing, and no reason to believe, that Minnesota would be a more convenient forum than any other state, particularly Michigan, where Kresge is incorporated and has its principal place of business and where Kamei has filed suit, or California, where Superior is incorporated and where it signed the licensing agreement.

Thus, it is the opinion of this court that defendant does not come within the terms of the Minnesota long arm statutes granting courts of this state jurisdiction over foreign corporations, and that Kamei lacks those minimum contacts with Minnesota constitutionally necessary to support jurisdiction. Accordingly, the action is dismissed for lack of *in personam* jurisdiction over the defendant.