CONSUMER DIRECT INC., Plaintiff,

v.

Gary G. McLAUGHLIN, Defendant.

No. 5:91CV0740.

United States District Court, N.D. Ohio, E.D.

Aug. 19, 1991.

Sylvia A. Petrosky, Ray L. Weber, Renner, Kenner, Greive, Bobak, Taylor & Weber, Akron, Ohio, for plaintiff.

Stephen A. Hill, John P. Murtaugh, Pearne, Gordon, McCoy & Granger, Cleveland, Ohio, Lawrence S. Cohen, Freilich, Hornbaker & Rosen, Los Angeles, Cal., for defendant.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING DEFENDANT'S MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM AND IMPROPER VENUE

KRENZLER, District Judge.

This case is before this Court on defendant Gary G. McLaughlin's three motions to dismiss pursuant to Fed.R.Civ.P. 12(b). These motions assert that (1) this Court lacks personal jurisdiction over defendant, (2) the Northern District of Ohio is not the proper venue for this action, and (3) the plaintiff fails to state a claim for a declaratory judgment.

The complaint in this case alleges that plaintiff is an Ohio corporation which manufactures and sells an exercise device known as a "Tummysizer." Defendant, a California resident, holds a United States Letters Patent for an "Abdominal Exerciser." The complaint asserts that, in a letter to plaintiff dated April 1, 1991, defendant's counsel took the position that defendant's patent was valid and was infringed by plaintiff's product, although plaintiff alleg-

edly advised defendant of specific prior art which invalidated the patent or precluded its applicability to the "Tummysizer." Plaintiff seeks a declaratory judgment that defendant's patent is invalid and is not infringed by plaintiff's product, as well as an injunction barring defendant from initiating or threatening infringement litigation against plaintiff or its employees, agents, dealers, customers, or users.

■ Defendant responded to the complaint with the three motions to dismiss that are now before this Court. In his motion to dismiss for lack of personal jurisdiction, defendant contends that this Court lacks personal jurisdiction over him because he did not transact any business in the State of Ohio and did not purposely direct any activity toward Ohio. In his motion to dismiss for failure to state a claim,[1] defendant asserts that there is no actual controversy between the parties as required by 28 U.S.C. § 2201, because defendant did not create any reasonable apprehension on the part of the plaintiff that he would bring suit for infringement. Finally, in his third motion, defendant contends that Ohio is not the appropriate venue for this action, since he does not reside in Ohio and this action did not arise in Ohio.[2]

■ This Court finds that it does not have personal jurisdiction over the defendant. The April 1, 1991 letter from defendant to plaintiff does not constitute "transacting business" within the State of Ohio, and does not create the minimum contacts necessary to give this Court personal jurisdiction over the defendant. Because this Court lacks personal jurisdiction over defendant, the Court will dismiss this case, without prejudice. In light of the dismissal

for lack of personal jurisdiction, defendant's other two motions are moot and are therefore overruled.

### I.

In addition to the factual allegations of the complaint noted above, defendant has submitted additional evidence in support of his motions to dismiss which plaintiff also relies upon in its brief in opposition thereto. This evidence shows that plaintiff wrote a letter to defendant in September, 1990, advising defendant that it was planning to test market an exercise device "that may be considered similar to the description in [defendant's] ... patent." In the letter, plaintiff contended that defendant's patent was invalid. Nevertheless, plaintiff offered defendant $1,000 for an assignment of the patent to avoid the expense of filing a request for reexamination.

The parties apparently then entered into negotiations for a license to use the patent. In a letter dated December 6, 1990, plaintiff rejected an offer by defendant, and stated that it was "instructing Mr. Sand [plaintiff's attorney] to institute a reexamination of [defendant's] patent."

Some four months later, on April 1, 1991, defendant's counsel wrote to plaintiff. The letter states that the parties were to have had a conference telephone call to discuss the prior art which allegedly invalidated the defendant's patent, but that the telephone call did not take place. The letter then proceeded to state the defendant's position with respect to his patent rights. The April 1 letter took the position that the defendant's patent "is valid and infringed by [plaintiff's] product," pointing out that because plaintiff was aware of the infringement, plaintiff could be liable for treble

---

1. Defendant characterizes this motion as a motion to dismiss for lack of subject matter jurisdiction or for failure to state a claim, on the grounds that there is no "actual controversy" between the parties as required by 28 U.S.C. § 2201, the Declaratory Judgment Act. The Court notes that § 2201 does not confer subject matter jurisdiction on this Court. Rather, the Declaratory Judgment Act provides discretionary ancillary relief for matters otherwise within the Court's jurisdiction. *Michigan Savings & Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir.1982). Consequently, defendant's motion is properly characterized as a motion to dismiss for failure to state a claim under § 2201, not as a motion to dismiss for lack of subject matter jurisdiction.

2. Although he styles his motion as a motion to dismiss, the defendant only asks the Court to transfer this case to the Central District of California; he does not ask the Court to dismiss the case for improper venue.

damages. The letter also denied that plaintiff's evidence demonstrated that the patent was invalid. Nevertheless, the letter indicated that defendant was interested in negotiating a settlement. Plaintiff instituted this action within a month after the April 1 letter was sent to it.

## II.

■ Defendant argues that this Court does not have personal jurisdiction over him, because he is a resident of the State of California, has not transacted any business in the State of Ohio, and has no contacts with the State of Ohio. He also complains that plaintiff fails to state a claim and that Ohio is not the proper venue for this action. "The question of personal jurisdiction ... goes to the court's power to exercise control over the parties," and therefore should be addressed before issues like lack of venue and failure to state a claim. *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180, 99 S.Ct. 2710, 2714, 61 L.Ed.2d 464 (1979). Therefore, the Court will address the issue of personal jurisdiction first.

■ For this Court to exercise personal jurisdiction over defendant, defendant must be amenable to service of process and must have sufficient contacts with the State of Ohio to satisfy due process. *Omni Capital Internat'l, Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987). Accordingly, the Court will examine each of these requirements.

The complaint[3] in this case indicates that defendant resides in California, not in Ohio, so the Court must look to the Ohio statutes and rules of court regarding extraterritorial service. Fed.R.Civ.P. 4(e). Plaintiff argues that defendant is amenable to service of process under Ohio Rev.Code Ann. § 2307.382 and Rule 4.3 of the Ohio Rules of Civil Procedure, because defendant transacted business in the State of Ohio when his attorney sent the April 1, 1991 letter to plaintiff. Ohio Revised Code § 2307.382(A)(1) provides, in pertinent part:

(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1) Transacting any business in this state. . . .

Ohio Civil Rule 4.3 similarly authorizes service to be made outside of the state of Ohio on a non-resident defendant who "has caused an event to occur out of which the claim which is the subject of the complaint arose, from the [defendant's]: (1) Transacting any business in this state; . . . ."

The Sixth Circuit has held that, by enacting Ohio Rev.Code Ann. § 2307.382(A)(1), "the Ohio legislature intended to extend the jurisdiction of its courts to the Constitutional limits." *In–Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220 (6th Cir.1972).[4] Thus, the question whether this defendant is amenable to service of process in Ohio turns on the question whether the exercise of jurisdiction over the defendant would be permitted by the due process clause. Accordingly, the Court must focus its attention on the due process analysis.

■ The due process clause permits the exercise of personal jurisdiction over an out-of-state defendant if "the defendant has 'purposefully directed' his activities at residents of the forum ..., and the litigation results from alleged injuries that 'arise

---

3. The Court cannot determine where or how service was actually made on defendant, because no return of service has been filed in this case.

4. Some Ohio appellate courts have questioned this conclusion. *Ohio State Tie & Timber, Inc. v. Paris Lumber Co.*, 8 Ohio App.3d 236, 456 N.E.2d 1309 (Franklin App.1982). The Ohio Supreme Court has not addressed this question directly. However, the Ohio Supreme Court recently interpreted the term "transacting business" "very broadly" to mean " 'to have dealings

* * *. The word embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word "contract" and may involve business negotiations which have been either wholly or partly brought to a conclusion * * *.' " *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear, Inc.*, 53 Ohio St.3d 73, 75, 559 N.E.2d 477 (1990) (quoting Black's Law Dictionary 1341 (5th Ed.1979)) (Emphasis omitted). The breadth of this interpretation lends support to the Sixth Circuit's determination that Ohio law extends personal jurisdiction to the limits allowed by due process.

out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985). The touchstone of due process analysis is whether the defendant has purposefully established "minimum contacts" with the forum. In determining whether there are minimum contacts, the Court must consider whether the defendant has purposely availed himself of the privilege of acting in the forum state, such that he should reasonably anticipate being haled into court there.

 The evidence in this case does not demonstrate that defendant purposely directed his activities toward the State of Ohio. Initially, the Court notes that defendant is not a resident of the State of Ohio. There is no evidence that he has any agents, licensees, or places of business here. There is no evidence that defendant has made sales in Ohio, nor is there evidence that defendant has advertised in Ohio, nor is there evidence that defendant made any contracts in Ohio. In short, except for the negotiations with plaintiff, there is no evidence that defendant has any contact with the State of Ohio.

The evidence shows that plaintiff initiated the negotiations with defendant by a letter charging that defendant's patent was invalid, but offering to settle to avoid instituting a reexamination of the patent. Although the parties apparently exchanged oral offers of settlement, defendant never actually established a relationship with plaintiff. Defendant's single written communication to Ohio asserting the validity of his patent and expressing a willingness to negotiate for a license is not the sort of purposeful activity that would make it reasonable for the defendant to expect to be haled into court here. *See, e.g., National Standard Co. v. Garbalizer Corp.*, 200 U.S.P.Q. 591, 593 (N.D.Ohio 1977). Therefore, this Court lacks personal jurisdiction over him. Defendant's motion to dismiss for lack of personal jurisdiction is granted. The Court will dismiss this case, without prejudice.

### III.

Defendant also argues that the plaintiff fails to state a claim under 28 U.S.C. § 2201 and that the Northern District of Ohio is not a proper venue for this action. In light of this Court's disposition of defendant's motion to dismiss for lack of personal jurisdiction, defendant's other two motions are moot, and are therefore overruled.

### IV.

For the foregoing reasons, the Court overrules defendant's motions to dismiss for failure to state a claim and for improper venue. The Court grants defendant's motion to dismiss for lack of personal jurisdiction.