**STAIRMASTER SPORTS/MEDICAL PRODUCTS, INC., an Oklahoma corporation, Plaintiff,**

v.

**PACIFIC FITNESS CORPORATION, Defendant.**

**C94–1232D.**

United States District Court, W.D. Washington.

Dec. 21, 1994.

Order Denying Reconsideration Feb. 3, 1996.

Paul T. Meiklejohn, Ramsey M. Al–Salam, Seed & Berry, Seattle, WA, for plaintiff.

James Patrick Donohue, Beth Marie Andrus, Miller, Nash, Wiener, Hager & Carlsen, Seattle, WA, Ronald Reagin, Jill M. Pietrini, Blakely Sokoloff Taylor & Zafman, Los Angeles, CA, for defendant.

## ORDER

DIMMICK, Chief Judge.

THIS MATTER comes before the Court on defendant's motion to dismiss for lack of personal jurisdiction, or for improper venue, or for misuse of Declaratory Judgment Act. In the alternative, defendant moves for a change of venue to the Central District of California. The Court, having considered the motion, memoranda, and affidavits submitted by the parties,[1] hereby grants the

---

1. The Court notes that plaintiff filed a surreply and that defendant filed an objection to the sur-

motion to dismiss for lack of personal jurisdiction.[2] In light of that ruling, the Court need not consider the other portions of the motion.

## I

On October 19, 1993, the Patent and Trademark Office issued U.S. Patent No. 5,254,067 ("the '067 patent") to three inventors who are employed by the defendant Pacific Fitness Corporation ("Pacific"). The claimed invention is a recumbent leg exercise machine. Pacific has not yet sold a product that embodies the claimed invention.

In late 1993, Pacific learned the plaintiff, StairMaster Sports/Medical Prods., Inc., ("StairMaster") was manufacturing and selling a machine that allegedly embodies the claimed invention. StairMaster is an Oklahoma corporation, which has its headquarters in Kirkland. On December 7, 1993, Pacific sent StairMaster a letter to StairMaster's Kirkland office, informing StairMaster of the patent and asking that StairMaster stop selling its infringing product. The letter threatened legal action if the infringement did not cease.

StairMaster responded by letter to Pacific, stating that it was studying the patent to see if it was indeed infringing on the patent. After its study was complete, StairMaster informed Pacific by letter that the '067 patent was invalid over the prior art and that its product was not infringing the patent. On July 28, 1994, Pacific responded by letter that it still believed that its patent was valid and that it would prefer to resolve its differences with StairMaster without litigation, but that absent some resolution, it would be forced to initiate litigation.

StairMaster did not respond to Pacific about the July 28 letter. Instead, on August 22, 1994, StairMaster filed this action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, seeking to determine the validity of the '067 patent. On September 22, 1994, Pacific filed a patent infringement action against StairMaster in the Central District of California.

Pacific has brought the instant motion seeking dismissal, contending that this Court lacks personal jurisdiction. Pacific asserts that it is a California corporation with very limited contacts with Washington and that accordingly general jurisdiction is lacking. Furthermore, Pacific contends that specific jurisdiction is lacking because this action is not related to any in-forum activities. It concluded that the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(2). Pacific also argues that this action could be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue. Finally, Pacific asserts that, if the Court determines that it has personal jurisdiction, the case should be transferred to the Central District of California.

StairMaster opposes the motion, contending first that the Court has specific jurisdiction because Pacific sent the letter threatening litigation into this jurisdiction. StairMaster also argues that the Court has general jurisdiction over Pacific because of its activities in this forum. StairMaster concludes that the Court should deny the motion to dismiss.

## II

At the outset, StairMaster asserts that Pacific's Rule 12(b) motion was not timely. The motion was filed twenty-two days after the complaint and summons was served, which is technically outside of the twenty days period specified by Federal Rule of Civil Procedure 12(a)(1)(A). StairMaster concedes, however, that the Court, in its discretion, can consider the motion. *Cf. Aetna Life Ins. Co. v. Alla Medical Servs., Inc.*, 855 F.2d 1470, 1474 (9th Cir.1988) ("This circuit allows a motion under Rule 12(b) any

---

reply. Because the surreply is sanctioned by neither the Federal Rules of Civil Procedure nor the Local Rules, the Court did not consider the surreply in deciding the instant motion.

**2.** While both parties have requested oral argument on the instant motion, oral argument is unnecessary as the parties have had adequate

opportunity to present their respective positions in their briefing to the Court. *Cf. Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir.1991), *cert. denied*, 503 U.S. 920, 112 S.Ct. 1295, 117 L.Ed.2d 518 (1992).

**1052**

time before the responsive pleading is filed."); *see also Bechtel v. Liberty National Bank,* 534 F.2d 1335, 1341 (9th Cir.1976).

■ StairMaster, as the plaintiff, bears the burden of showing that the Court has personal jurisdiction over defendant Pacific. *See Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 850 (9th Cir.1993). Unless the Court holds an evidentiary hearing, dismissal pursuant to Rule 12(b) is appropriate only if StairMaster fails to make a *prima facie* showing that personal jurisdiction over Pacific exists. *See id.*

■ Personal jurisdiction over a defendant can be based on either general or specific jurisdiction. The Court may obtain general jurisdiction over a party if the party's contacts with the jurisdiction are "substantial" and "continuous." *See id.* The Court may obtain specific jurisdiction over a party if the claim arose out of and is related to the party's contacts with the jurisdiction. *See id.* (citing *Helicopteros Nacionales de Colombia, A.S. v. Hall,* 466 U.S. 408, 414 n. 9, 104 S.Ct. 1868, 1872 n. 9, 80 L.Ed.2d 404 (1984)).

■ StairMaster attempts to establish specific jurisdiction based on the Washington Long Arm Statute, RCW § 4.28.185; and general jurisdiction on Washington's "doing business" statute, RCW § 4.28.080(10). Personal jurisdiction over a nonresident defendant may be established using state law so long as that jurisdiction is consistent with federal due process. *Bethany Auto Sales, Inc. v. Aptco Auto Auction, Inc.,* 564 F.2d 895, 896 (9th Cir.1977). Non-resident defendants must have certain minimum contacts with the forum state, as required by due process, so that the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice. *Shute v. Carnival Cruise Lines,* 897 F.2d 377, 380 (9th Cir.1990), *rev'd on other grounds,* 499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991). Washington's two statutes are coextensive with the bounds of due process. *Amoco,* 1 F.3d at 850–51.

**A**

■ General jurisdiction exists over a nonresident defendant when the defendant has " 'substantial' or 'continuous and systematic' contacts with the forum state." *Fields v. Sedgwick Associated Risks, Ltd.,* 796 F.2d 299, 301 (9th Cir.1986) (citations omitted). General jurisdiction over a defendant allows a court to hear cases that are not related to the defendant's forum-related activities. *Id.*

■ "Due process requirements are satisfied when *in personam* jurisdiction is asserted over a nonresident corporation that has certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Helicopteros Nacionales,* 466 U.S. at 414, 104 S.Ct. at 1872 (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)). This test contains two parts: First, the defendant must have had the requisite contacts with the forum state to render it subject to the forum's jurisdiction; and second, the assertion of jurisdiction must be reasonable. *See Asahi Metal Indus. Co. v. Superior Court of Cal.,* 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987).

The Supreme Court and the Ninth Circuit Court of Appeals have rarely found general jurisdiction even where contacts are "quite extensive." *Amoco,* 1 F.3d at 851 n. 3 (collecting cases). In *Shute,* for example, the Ninth circuit held that there were insufficient contacts to justify general jurisdiction in Washington when plaintiffs were Washington residents who purchased tickets for a Mexican cruise from a Florida corporation, Carnival, even though the corporation had conducted promotional seminars and advertised in Washington, worked with Washington travel agents, and sold approximately 2% of its cruises in Washington. The court noted that Carnival did not have offices or exclusive agents in Washington, was not registered to do business here, and paid no taxes in Washington. *Shute,* 897 F.2d at 381.

■ In the instant case there are insufficient contacts to justify general jurisdiction. As in *Shute,* Pacific does not have offices in Washington, is not registered to do business here, does not own property here, and has paid no taxes here. Pacific does not manufacture its product in Washington and does

not have any employees based here. Pacific has minimal contacts with Washington. For example, Pacific sells its products in Washington through three independent distributors. While those dealers advertise Pacific's products in Washington, they also advertise products of other manufacturers. More importantly, those distributors are independent of Pacific. The products that Pacific has shipped into Washington, which do not contain the claimed invention, constitute approximately 3% of Pacific's total sales volume. In addition, Pacific's employees have made isolated visits to Washington, but these visits have been unrelated to the '067 patent. The above cited facts, taken together with other facts alleged by StairMaster, are insufficient to establish " 'substantial' or 'continuous and systematic' contacts with the forum state." *Fields,* 796 F.2d at 301. Accordingly, this Court cannot assert general jurisdiction over Pacific.

Because plaintiffs are unable to establish the minimum contacts required for general jurisdiction, it is unnecessary for the Court to examine the reasonableness prong, although there too, plaintiffs would likely fail. *See Amoco,* 1 F.3d at 851 (citing factors for Court to weigh). Accordingly, this Court does not have general jurisdiction over this action.

**B**

 Even if general jurisdiction is lacking, specific jurisdiction may be established over a nonresident corporation such as Pacific. *See Shute,* 897 F.2d at 381–87. To determine whether the assertion of specific jurisdiction comports with due process, the Court applies the following three-part test:

(1) The defendant must have done some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) The claim must arise out of the defendant's forum-related activities; and

(3) The exercise of jurisdiction must be reasonable.

*Id.* at 381. If the defendant has purposefully availed itself of conducting activities in the forum, the exercise of jurisdiction is pre-

sumed to be reasonable. *Haisten v. Grass Valley Medical Reimbursement,* 784 F.2d 1392, 1397 (9th Cir.1986).

 The crux of StairMaster's argument in support of specific jurisdiction is that, by sending several letters threatening litigation into this jurisdiction, Pacific purposefully availed itself of the forum, and hence, that an assertion of specific jurisdiction is appropriate. StairMaster cites several cases supporting this view: *Burbank Aeronautical Corp. v. Aeronautical Development Corp.,* 16 U.S.P.Q.2d 1069 (C.D.Cal.1990); *Dolco Packaging Corp. v. Creative Industries, Inc.,* 1 U.S.P.Q.2d 1586 (C.D.Cal.1986); *Tandem Computers Inc. v. Yuter,* 1989 U.S.Dist. LEXIS 18384 (1989); and *Oki America, Inc. v. Tsakanikas,* 1993 WL 515860, 1993 U.S.Dist. LEXIS 19475 (N.D.Cal.1993). While those cases support StairMaster's position, they are not controlling on this Court, which is constrained to follow Ninth Circuit precedent.

The case that controls the outcome in this case is *Cascade Corporation v. Hiab–Foco AB,* 619 F.2d 36 (1980). In that case, the Ninth Circuit upheld the district court's determination that specific jurisdiction did not exist under facts similar to those presented in the instant case. In *Cascade,* the plaintiff commenced a declaratory judgment action seeking a declaration that the patent in question was invalid in the district court in Oregon. The suit was brought after the plaintiff had received a letter asserting that it was infringing defendant's patent and threatening litigation. Because the defendant had only minimal contacts with the jurisdiction, general jurisdiction could not be maintained. The trial court rejected plaintiff's argument that specific jurisdiction existed merely because the defendant had sent a series of letters into the jurisdiction.

The Ninth Circuit, declining to adopt a rule from the Eighth Circuit that would allow the assertion of jurisdiction on the basis of a series of letters being sent into the jurisdiction, affirmed. *Cascade,* 619 F.2d at 38. The Court quoted with approval the district court's ruling as follows:

"Assuming that the true holding of [*B & J Manufacturing Co. v. Solar Industries Inc.*, 483 F.2d 594 (8th Cir.), *cert. denied*, 415 U.S. 918, 94 S.Ct. 1417, 39 L.Ed.2d 473 (1973)] is that sending threatening infringement letters into the forum district suffices to succumb to that district's jurisdiction, I respectfully must disagree with the Eighth Circuit.... Following such a rule would be incongruous with practicality, the patent statutes and fair play and substantial justice."

*Cascade*, 619 F.2d at 38. *See also Peterson v. Kennedy*, 771 F.2d 1244, 1261–62 (9th Cir. 1985) (holding that a series of letters and phone calls into the forum state, without more, is insufficient to establish specific jurisdiction). While the cases cited by Stairmaster reach a contrary conclusion, *Cascade* remains the law of this Circuit; accordingly, this Court is constrained to follow that case. Accordingly, the exercise of specific jurisdiction is unwarranted under the facts of this case. *See Cascade*, 619 F.2d at 38.

Even if the letter was sufficient to establish the existence of the first element of the *Shute* test, *see* 897 F.2d at 381, the second element—that Stairmaster's claim arose out of the Pacific's forum-related activities— would fail. The reasoning from a recent case is enlightening on this point:

The Court also concludes that [defendant's] acts of sending the two letters to [plaintiff] are unrelated to the subject matter of [plaintiff's] declaratory judgment claims in Count I. Although an infringement letter might "give rise" to a declaratory judgment action such as that alleged in Count I, it does so only in the sense that receiving such a letter may create a controversy motivating the accused infringer to commence an action to declare its rights. Such letters have no bearing on, i.e. are unrelated to, the subject matter of the subsequent claim: is the patent valid and, if so, have the plaintiff's acts infringed it. In addition, [defendant's] act of sending an infringement letter to [plaintiff] was an exercise of its rights under federal patent laws; doing so should not subject it to suit in any forum wherein it finds a party allegedly infringing its patents.

*Zumbro, Inc. v. California Natural Prods., Inc.*, 861 F.Supp. 773, 780–81 (D.Minn.1994) (citations and footnotes omitted). Thus, this Court cannot exercise specific jurisdiction over Pacific.

## III

In conclusion, the motion to dismiss is GRANTED, and this action is DISMISSED for lack of personal jurisdiction. The Clerk of the Court is directed to send copies of this Order to all counsel of record.

## ORDER ON RECONSIDERATION

THIS MATTER comes before the Court on Stairmaster's motion to shorten time. The Court is satisfied that Stairmaster has stated sufficient exigent circumstances under Local Rule W.D.Wash.C.R. 7(e)(1) (1994); accordingly, the motion to shorten time is hereby GRANTED.

The underlying motions on which Stairmaster requests a ruling are (1) Stairmaster's second motion for reconsideration, and (2) Stairmaster's motion for clarification of this Court's January 18, 1995 minute order. The Court sees no reason to postpone ruling on either motion, and, having considered the motions and the documents submitted by Stairmaster, hereby denies the motion for reconsideration. The Court need not address the motion for clarification because the January 18, 1995 minute order disposed of both the motion for reconsideration and the motion to amend the judgment.

## I

The standard for deciding a motion for reconsideration is clearly enunciated in our local rules. As Stairmaster recognizes, "[m]otions for reconsideration are disfavored." Local Rule C.R. 7(e)(1). Nonetheless, Stairmaster brings this second motion for reconsideration, claiming that two recent cases, which were previously not available to be cited to this Court, *see id.*, mandate a different result. The Court does not agree.

## A

The first case that Stairmaster contends mandates a different result, *Akro Corp. v.*

*Luker*, 45 F.3d 1541 (Fed.Cir.1995), is clearly distinguishable on its facts. In that case, the patentee, Luker, an individual residing in California, sent a letter threatening infringement litigation to Akro Corporation, an Ohio corporation. Over the course of the next three years, the parties attempted to negotiate a settlement. During this time, counsel for Luker sent six additional letters threatening litigation to Akro. The final letter, which was sent on the day that negotiations ceased, threatened litigation and disclosed that Luker had entered an exclusive license with another Ohio corporation. Two days later, Akro filed a declaratory judgment action in Ohio district court, and Luker subsequently moved to dismiss for lack of personal jurisdiction. The district court, applying Sixth Circuit law, granted the motion, and Akro appealed. *Akro*, 45 F.3d at 1543–1544.

The Federal Circuit, applying its law,[1] reversed. The Federal Circuit held that, by entering into a exclusive licensing agreement with an Ohio licensee, Luker had purposefully directed his activities at residents of the forum, *Akro*, 45 F.3d at 1547–1548,[2] thereby meeting the first prong of the specific jurisdiction test. The Court then held that the declaratory judgment action arose out of the forum related activities—thereby meeting the second prong of the specific jurisdiction test—because, under the terms of his agreement with the Ohio licensee, Luker was obligated to defend the patent. *Id.* at 1548–49. The Federal Circuit went to great lengths to distinguish cases, such as the instant case, in which letters threatening litigation sent into the forum were found insufficient to support specific jurisdiction in the absence of a in-forum licensee:

Luker cites the following cases for the proposition that warning letters from and negotiations for a license with an out-of-state patentee cannot, without more, support personal jurisdiction in an action for a declaratory judgment of patent invalidity and noninfringement: *Ryobi America Corp. v. Peters*, 815 F.Supp. 172, 176 (D.S.C.1993); *KVH Indus. v. Moore*, 789 F.Supp. 69, 72–73 (D.R.I.1992); *Consumer Direct Inc. v. McLaughlin*, [138 F.R.D. 519, 523] (N.D.Ohio 1991); *Gesco Int'l Inc. v. Luther Medical Prods., Inc.*, 17 U.S.P.Q.2d 1168, 1171 (W.D.Tex.1990); *Boatel Indus. v. Wollard*, 2 U.S.P.Q.2d.1946, 1948 (D.Minn.1987); *Classic Golf Co. v. Karsten Mfg. Co.*, 231 U.S.P.Q. 884, 885 (N.D.Ill.1986); *Rheodyne, Inc. v. Ramin'*, 201 U.S.P.Q. 667, 669 (N.D.Cal.1978). The cases Luker cites on this particular point, however accurately described, are simply inapposite. *The case at bar involves an additional activity aimed at the forum state—namely, the patentee's exclusive licensing of one of the accused infringer's competitors within the forum state.* Luker's exclusive license agreement with Akro's local competitor Pretty Products undoubtedly relates to Akro's challenge to the validity and enforceability of the '602 patent. Indeed, the agreement obliges Luker "to defend and pursue any infringement against" the '602 patent.

*Akro*, 45 F.3d at 1548–49 (emphasis added and footnote omitted). In fact, the Federal Circuit noted that, in *Consumer Direct*, the court considered the lack of an in-state licensee as a factor demonstrating that the defendant had not purposefully directed his activities towards the forum. *Akro*, 45 F.3d at 1548–49 n. 7. Finally, the Federal Circuit

1. The analytical framework used by the Federal Circuit in *Akro* is consistent with the Ninth Circuit framework that this Court applied its original order. *Compare Akro*, 45 F.3d at 1544–49 *with Stairmaster Sports/Medical Prods., Inc. v. Pacific Fitness Corp.*, No. C94–1232D, 916 F.Supp. 1049, 1057 (Docket No. 38) (Dec. 21, 1994). These frameworks are, of necessity, consistent because each is built on the foundation laid by the United States Supreme Court opinions in the seminal cases of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and *Burger King Corp. v. Rud-*

*zewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

2. "[T]he exclusivity of his license agreement with Pretty Products created continuing obligations between Pretty and Luker and 'eliminated any possibility of his entering into any type of licensing arrangement' with Akro. Indeed, it could scarcely be more clear that Luker purposefully directed activities at residents of Ohio within the meaning of the due process inquiry mandated by *Burger King* and *International Shoe*." *Akro*, 45 F.3d at 1546.

**1056**

also distinguished cases in which the contacts with the forum state included "infringement letters and a licensing agreement" where the licensees were not residents of the forum. *Id.* (citing *Tol–O–Matic, Inc. v. Proma Produkt–Und Marketing Gesellschaft, m.b.H.,* 690 F.Supp. 798, 800 (D.Minn.1987); *Aluminum Housewares Co. v. Chip Clip Corp.,* 609 F.Supp. 358, 360 (E.D.Mo.1984); *S.S. Kresge Co. v. Kamei–Autokomfort,* 363 F.Supp. 257, 258 (D.Minn.1973).

Defendant in the instant case, unlike the defendant in *Akro,* is not alleged to have entered into a licensing agreement with an in-forum licensee. This fact, which was addressed in at least six different places in the Federal Circuit's opinion in *Akro,*[3] was artfully dodged by Stairmaster in arguing its second motion for reconsideration. The fact that Pacific has not entered into a licensing agreement with an in-forum licensee, however, makes the instant case distinguishable from *Akro.*

Moreover, in *Akro,* the Federal Circuit relied upon the clause in the licensing agreement that required Luker " 'to defend and pursue any infringement against' the [patent at issue]" to find that the declaratory judgment action arose out of Luker's in-forum actions. *Akro,* 45 F.3d at 1543. Such a factor is absent in the instant case. As this Court found in its December 21, 1994 Order,

Even if the letter was sufficient to establish the existence of the first element of the *Shute* test, *see* 897 F.2d at 381, the second element—that StairMaster's claim arose out of the Pacific's forum-related activities—would fail. The reasoning from a recent case is enlightening on this point:

The Court also concludes that [defendant's] acts of sending the two letters to [plaintiff] are unrelated to the subject matter of [plaintiff's] declaratory judgment claims in Count I. Although an infringement letter might "give rise" to a declaratory judgment action such as that alleged in Count I, it does so only in the sense that receiving such a letter may create a controversy motivating the accused infringer to commence an action to declare its rights. Such letters have

no bearing on, i.e. are unrelated to, the subject matter of the subsequent claim: is the patent valid and, if so, have the plaintiff's acts infringed it. In addition, [defendant's] act of sending an infringement letter to [plaintiff] was an exercise of its rights under federal patent laws; doing so should not subject it to suit in any forum wherein it finds a party allegedly infringing its patents.

*Zumbro, Inc. v. California Natural Prods., Inc.,* 861 F.Supp. 773, 780–81 (D.Minn.1994) (citations and footnotes omitted). Thus, this Court cannot exercise specific jurisdiction over Pacific.

Order at 10–11. Stairmaster does not cite *Zumbro,* much less distinguish it or cast any doubt on its reasoning.

**B**

■ The second case that Stairmaster contends mandates a different result is a district court case arising in this district, *Asymetrix Corp. v. Lex Computer & Management Corp.,* No. C94–588Z (W.D.Wash. Jan. 24, 1995). This Court, however, is not bound by the decision of another district court, even if that decision was rendered in this district. Rather, the Court is bound by precedent established by the controlling circuit court of appeals—in this case, as Stairmaster forcefully argues, the Federal Circuit Court of Appeals.

The *Asymetrix* court, with very little analysis, adopted the position taken by several district courts in the Ninth Circuit: *Oki America, Inc. v. Tsakanikas,* 1993 WL 515860, 1993 U.S.Dist. LEXIS 19475 (N.D.Cal.1993); *Burbank Aeronautical Corp. II v. Aeronautical Development Corp.,* 1990 WL 261395, 1990 U.S.Dist. LEXIS 15028 (C.D.Cal.1990); *Tandem Computers Inc. v. Yuter,* 1989 U.S.Dist. LEXIS 18384 (N.D.Cal. 1989); and *Dolco Packaging Corp. v. Creative Industries, Inc.,* 1 U.S.P.Q.2d 1586, 1986 WL 84366 (C.D.Cal.1986). In adopting the reasoning of those cases, the *Asymetrix* court stated as follows:

This case presents a typical fact pattern in declaratory judgment actions of patent

3. *See Akro,* 45 F.3d at 1542, 1544, 1546–1547, 1548–1549.

invalidity and non-infringement. District courts in this circuit, when confronted with similar facts to those here, i.e., when defendant's contacts with the forum state have been limited to sending letters charging patent infringement and threatening litigation, have uniformly held that the exercise of personal jurisdiction over the defendants is proper.

The Court agrees with and adopts the reasoning of these cases, and concludes that this Court has jurisdiction over the defendant.

*Asymetrix,* Slip op. at 7 (citations omitted).

With all due respect to the court in *Asymetrix,* this Court will not follow that decision. First, the *Asymetrix* court and the courts in the cases cited by the *Asymetrix* court based their decisions on Ninth Circuit precedent. *See Asymetrix,* Slip op. at 7–8; *Oki America,* 1993 WL 515860 at *4, 1993 U.S.Dist. LEXIS 19475 at *3–*9; *Burbank Aeronautical,* 1990 WL 261395 at *7, 1990 U.S.Dist. LEXIS 15028 at *5–*9; *Tandem Computers,* 1989 U.S.Dist. LEXIS 18384 at *4–*15; and *Dolco Packaging,* 1 U.S.P.Q.2d 1586, 1986 WL 84366. The controlling precedent, as Stairmaster forcefully asserts, however, is the Federal Circuit's opinion in *Akro,*[4] which was probably not available for review when *Asymetrix* was decided.

In addition, the *Asymetrix* court was correct in its statement that "[d]istrict courts in this circuit, when confronted with similar facts to those here, i.e., when defendant's contacts with the forum state have been limited to sending letters charging patent infringement and threatening litigation, have uniformly held that the exercise of personal jurisdiction over the defendants is proper," slip op. at 7, in as far as that statement went. The Court, however, did not address ample contradictory authority from other jurisdictions. *See* Section I A, *supra.* In this Court's eyes, this lack of analysis undercuts the persuasiveness of *Asymetrix,* and the cases that it cites.

Finally, the controlling authority, *Akro,* 45 F.3d 1541, supports this Court's December 21, 1994 Order. In *Akro,* the controlling fact was that the patent owner had negotiated an exclusive license with an in-forum licensee, thereby allowing an assertion of specific jurisdiction. *Akro,* 45 F.3d at 1548 ("The case at bar involves an additional activity aimed at the forum state—namely, the patentee's exclusive licensing of one of the accused infringer's competitors within the forum state.") That activity is absent in the instant case; thus, specific jurisdiction cannot be maintained over Pacific in this district.

## II

The Local Rules of the Western District of Washington provide the standard by which a motion for reconsideration must be judged: "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention with reasonable diligence." Local Rule C.R. 7(e)(1). While Stairmaster presents new legal authority that could not have been presented earlier, that authority, rather than undermining this Court's confidence in its prior ruling, bolsters confidence in that ruling. Moreover, there is no showing of manifest error in this Court's prior order.

In accordance with the foregoing discussion, Stairmaster's second motion for reconsideration is hereby DENIED. The Court need not address the motion for clarification because the January 18, 1995 minute order disposed of both the motion for reconsideration and the motion to amend the judgment; therefore, the motion for clarification is STRICKEN.

The Clerk of the Court is directed to send copies of this Order to all counsel of record.

DATED this 3 day of February, 1995.

---

4. It is somewhat ironic that Stairmaster criticizes the December 21, 1994 order of this Court because that order relies on Ninth Circuit precedent and then cites as persuasive a case that, too, relies on Ninth Circuit precedent to reach the result that Stairmaster desires.