**ELIMA BIOTRONICS, LLC and Light Entertainment, Inc., Plaintiffs,**

v.

**FUENTE CIGAR LTD., Defendant.**

**No. CV–S–03–0136–LRH(PAL).**

United States District Court,
D. Nevada.

Nov. 7, 2003.

 

Joanna Kishner, Piper Rudnick, Las Vegas, NV, Adam Resnick and Michael Adlin, Piper Rudnick LLP, Washington, DC, for Plaintiffs.

Michael Feder, Beckley Singleton, Chtd., Las Vegas, NV, John Livingstone, Roger Taylor, Virginia Carron, Finnegan, Henderson, Farabow, Garrett & Dunner LLR, Atlanta, GA, for Defendant.

## ORDER

HICKS, District Judge.

Before the Court is Defendant Fuente Cigar's ("Defendant") motion to dismiss or, in the alternative, to transfer this action. (Docket No. 19). For the reasons that follow the Court will grant the Defendant's motion and dismiss this action.

### BACKGROUND

This action arises out of trademark dispute. Defendant sent Plaintiffs a cease-and-desist letter and fax, in which Defendant asserted that it owned the trademark being used by Plaintiffs. The letter and fax were sent to Plaintiffs' Las Vegas, Nevada, offices. The letter demanded that Plaintiffs cease and desist from using the mark OPUS–X. The letter also threatened legal action if Plaintiffs did not comply. Plaintiffs then filed this action for a declaratory judgment. Defendants then filed a complaint in the U.S. District Court for the Middle District of Florida, Tampa Division. The Florida Court stayed the Florida action pending this Court's decision on the motions before it.

### STANDARD

In order to establish personal jurisdiction, a plaintiff must show both that the forum state's long-arm statute confers personal jurisdiction over the out-of-state defendant and that the exercise of jurisdiction does not violate federal constitutional principles of due process. The Nevada Supreme Court has interpreted Nevada's

long-arm statute to reach the limits of federal constitutional due process. *See Judas Priest v. Second Judicial Dist. Court*, 104 Nev. 424, 760 P.2d 137, 138 (1988). Accordingly, the relevant analysis is whether Defendant has certain minimum contacts with the forum state so as to satisfy specific jurisdiction.

■■■ Due process precludes a court from asserting jurisdiction over a defendant unless the defendant has certain "minimum contacts" with the forum state. Maintenance of the action in the forum must not offend "traditional conception[s] of fair play and substantial justice," *International Shoe v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and the defendant's "conduct and connection with the forum State" must be such that the defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

■ Personal jurisdiction over a non-resident defendant may be either general or specific. *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 nn. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). General jurisdiction applies where a defendant's activities in the forum state are "substantial" or "continuous and systematic," even if the cause of action is unrelated to those activities. *Data Disc. Inc. v. Systems Technology Associates, Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977) (internal quotations omitted). Where general jurisdiction is not found, a court may still exercise specific jurisdiction if the defendant has sufficient contacts with the forum state in relation to the cause of action. *Id.*

■ The Ninth Circuit test for a plaintiff attempting to establish specific jurisdiction dictates that a plaintiff must show that three requirements are satisfied: (A) the non-resident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (B) the claim must be one which arises out of or results from defendant's forum-related activities; and (C) the exercise of jurisdiction must be reasonable. *Data Disc*, 557 F.2d at 1287; *Cubbage v. Merchent*, 744 F.2d 665, 668 (9th Cir.1984), *cert. denied*, 470 U.S. 1005, 105 S.Ct. 1359, 84 L.Ed.2d 380 (1985).

■ The burden of proof is on the plaintiff to show that jurisdiction is appropriate, but in the absence of an evidentiary hearing, the plaintiff need only make a *prima facie* showing of jurisdictional facts. *Data Disc*, 557 F.2d at 1285. Here the court need only consider the pleadings and other documents and it must only determine if Plaintiffs have made a *prima facie* showing of personal jurisdiction. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir.1990).

## DISCUSSION

■ Plaintiffs only make an argument of specific jurisdiction. However, a full discussion of all three requirements for specific jurisdiction will not be necessary. Even if Plaintiffs could make a showing of the purposeful availment requirement, the Plaintiff has failed to meet the second requirement of the test, which requires that a plaintiff's claim be one which arises out of or results from Defendant's forum-related activities. *Data Disc*, 557 F.2d at 1287. This second requirement is ordinarily satisfied if "but for" the contacts alleged, the cause of action would not have arisen. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir.1995).

Plaintiffs argue that this declaratory judgment action "arises from" a cease-and-desist letter sent by Defendant to Plaintiffs. However, the cease and desist letter

did not give rise to this action. The letter may have motivated Plaintiffs to commence this declaratory judgment action. Nevertheless, this is inadequate for jurisdictional purposes. As other courts in the Ninth Circuit have held in cases similar to the instant case: "letters threatening litigation are unrelated to the subject matter of the actual controversy, which is whether the declaratory judgment defendant has intellectual property rights that have been infringed by the declaratory judgment plaintiff." *Douglas Furniture Company of California, Inc., v. Wood Dimensions, Inc.* 963 F.Supp. 899, 902 (C.D.Cal.1997); *Stairmaster Sports/Medical Prods., Inc. v. Pacific Fitness Corp.,* 916 F.Supp. 1049, 1056 (W.D.Wash.1994).

Plaintiffs argue that *Bancroft & Masters, Inc. v. Augusta National, Inc.,* 223 F.3d 1082 (9th Cir.2000), is controlling on the instant action. However, *Bancroft & Masters* is not on point. In that case, a California computer services corporation, Bancroft & Masters ("B & M"), which had rights to the domain name "masters.com," brought an action against a Georgia golf club, Augusta National Inc., which held the "Masters" trademark. *See id.* at 1084–85. Prior to the action, Augusta National had written to the Internet domain name registrar, Network Solutions, Inc., ("NSI") challenging B & M's use of the domain name "masters.com." Under the then-applicable dispute resolution policy of NSI, the letter, forced the plaintiff to either curtail its use of the domain name or to file suit for a declaratory judgment establishing its right to use the name. *See id.* at 1084–85.

The plaintiff alleged, and the Ninth Circuit therefore assumed, that by sending the letter, the defendant "deliberately triggered NSI's dispute resolution procedures . . . [in order] to interfere wrongfully with [plaintiff's] use of its domain name and to misappropriate that name, 'masters.com,'

for [defendant's] own use" *Id.* at 1087. Augusta National also had written a cease-and-desist letter to B & M. B & M brought suit in federal district court in California. The Ninth Circuit reversed the district court's dismissal for lack of personal jurisdiction holding that purposeful availment had been demonstrated and the requirements for jurisdiction were satisfied under the facts of the case. *See id.* at 1085. The opinion makes clear that the Ninth Circuit did not rely upon the defendant's cease-and-desist letter to find jurisdiction.

Unlike that case, the instant case consists only of a cease-and-desist letter demanding that the Defendant cease and desist their alleged infringement of the Defendant's trademarks. The Defendant did not send a letter to the registrar of Internet domain names.

At least two courts within the Ninth Circuit have held that in the absence of facts operating to automatically divest the plaintiff of its property or to cause one of the plaintiff's customers to end its business relationship with the plaintiff, "letters threatening litigation are unrelated to the subject matter of the actual controversy, which is whether the declaratory judgment defendant has intellectual property rights that have been infringed by the declaratory judgment plaintiff." *Douglas,* 963 F.Supp. at 902–903 (citing *Stairmaster Sports/Medical Prods., Inc. v. Pacific Fitness Corp.,* 916 F.Supp. 1049 (W.D.Wash. 1994)). This action does not "arise out of" the cease-and-desist letter sent by Defendant to Plaintiffs because the "subject matter of the actual controversy" in this case is whether Plaintiff "has intellectual property rights that have been infringed" by Defendant, and not what was said about those rights in the letters. *Id.* The test is one of but-for causation of the facts underlying the complaint by the Defendant's contacts with the forum, not one of reason-

able relationship between the actionable facts and the Defendant's contacts. *See Ballard,* 65 F.3d at 1500.

Thus, Plaintiffs have not established specific jurisdiction because they have not made a showing that their claim arises out of or results from Defendant's forum-related activities.

## CONCLUSION

Plaintiffs have not made a *prima facie* showing of jurisdictional facts sufficient to support personal jurisdiction over Defendant. For the foregoing reasons, Defendant's Motion to Dismiss (Docket No. 19) is hereby **GRANTED**.

**IT IS SO ORDERED.**