## KVH INDUSTRIES, INC.

### v.

### Sidney D. MOORE

### Civ. A. No. 91–0398 P.

United States District Court,
D. Rhode Island.

April 17, 1992.

Richard W. MacAdams, MacAdams & Wieck, Providence, R.I., for plaintiff.

Herbert B. Barlow, Jr., Cranston, R.I., for defendant.

### MEMORANDUM AND ORDER

PETTINE, Senior District Judge.

Defendant has filed five motions in the alternative: motion to dismiss based upon lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2); motion to dismiss based upon improper venue, Fed.R.Civ.P. 12(b)(3); motion to dismiss due to improper service of process, Fed.R.Civ.P. 12(b)(5); motion for transfer on grounds of improper venue under 28 U.S.C. § 1404(a); and motion for transfer for convenience of the parties and witnesses under 28 U.S.C. § 1406(a). Be-

cause the Court finds the motion to dismiss based upon lack of personal jurisdiction controlling, none of the remaining motions need be addressed. For the reasons discussed below, the Court grants defendant's motion to dismiss.

## I

This case focuses on a patent dispute and defendant's assertion of patent infringement. KVH Industries, Inc. ("KVH") is a Rhode Island company located in Middletown, Rhode Island. KVH designs, manufactures, and sells highly accurate navigational instruments. KVH recently introduced a hand-held navigational instrument under the name "Datascope." Datascope combines a small version of KVH's proprietary fluxgate compass with precision optics, a digital chronometer, and a rangefinder.

Defendant Moore resides in California and is currently employed as a product designer with Bausch & Lomb, Bushnell Division. Mr. Moore owns four United States Letters Patents, three of which are at issue in this lawsuit.[1]

In January 1990, Mr. Moore's counsel sent a letter to the president of KVH. The letter claimed that the Datascope was covered by two patents held by Mr. Moore. The letter also stated: "Mr. Moore intends to enforce his patent rights and it is Mr. Moore's wish to work with KVH to negotiate a solution without resort to litigation." A series of letters and telephone calls between counsel for both parties followed.[2] At first, the parties appeared genuinely interested in reaching an agreement concerning the extent of the patent rights coverage and licensing of those rights. However, in August 1991, plaintiff commenced this action seeking a declaration

that the patents held by defendant were invalid and were not infringed.

Defendant challenges several of the initial procedural aspects of this lawsuit. As the Court finds the issue of personal jurisdiction decisive, the other issues raised by defendant will not be reached.

## II

### A. AN OVERVIEW OF PERSONAL JURISDICTION

Cases brought in federal court need both subject matter jurisdiction and personal (*in personam*) jurisdiction. Subject matter jurisdiction is satisfied by the existence of either federal question or diversity jurisdiction. The present case is for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202; the Court also has jurisdiction under 28 U.S.C. § 1338(a) and under the patent laws of the United States, Title 35 of the United States Code. Subject matter jurisdiction ensures that a federal court is the proper forum for a particular suit. Once subject matter jurisdiction is established, however, the particular federal district court where the case belongs remains an issue. The selection of the proper federal forum hinges on personal jurisdiction.

■ The law of the forum governs the question of personal jurisdiction. *Hahn v. Vermont Law School*, 698 F.2d 48, 49 (1st Cir.1983); Fed.R.Civ.P. 4(e). The Rhode Island longarm statute, R.I.G.L. § 9–5–33, permits jurisdiction to the fullest extent permitted by the federal constitution. *Almeida v. Radovsky*, 506 A.2d 1373, 1374 (R.I.1986); *Roger Williams Gen. Hosp. v. Fall River Trust Co.*, 423 A.2d 1384 (R.I. 1981).

---

1. No. 4,720,804, issued January 19, 1988; No. 4,777,352, issued October 11, 1988; and No. 3,965,439, issued October 23, 1990. All three patents were issued to Mr. Moore while he was a resident of California.

2. The first letter was sent directly to KVH in Rhode Island. Counsel for KVH was then located in Massachusetts, and all subsequent letters and phone calls took place between Massachusetts and California. Defendant insists that for purposes of establishing personal jurisdiction

the Court must consider only the one letter actually addressed to the State of Rhode Island. Plaintiff argues that all twenty letters or telephone calls should be considered in the personal jurisdiction question, as defendant certainly knew that plaintiff, in Rhode Island, would receive the information from its Massachusetts counsel. The Court need not address this difference of opinion as it does not affect the ultimate personal jurisdiction decision.

The inquiry turns, then, to the federal standard—whether the defendant has sufficient minimum contacts with the forum state to ensure that compelling him to defend a lawsuit "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The Court must examine the connections between the defendant, the forum, and the litigation, *Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 1486, 79 L.Ed.2d 804 (1984), and consider whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court" in that forum. *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). Additionally, a defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958); *see also Ealing Corp. v. Harrods Ltd.*, 790 F.2d 978, 983 (1st Cir.1986).

█ Recent Supreme Court cases exploring personal jurisdiction have centered on the actions of the defendant. The Supreme Court refined the "minimum contacts" test by holding that the substantial connection between the defendant and the forum state "necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Asahi Metal Ind. Co., Ltd. v. Superior Court of Cal.*, 480 U.S. 102, 109–110, 107 S.Ct. 1026, 1030, 94 L.Ed.2d 92 (1987). A non-resident defendant need not physically enter a forum to establish personal jurisdiction if the defendant purposefully availed himself of the privilege of conducting activities within the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985).

## B. SPECIFIC OR GENERAL JURISDICTION

Plaintiff bears the burden of establishing the existence of personal jurisdiction. *American Freedom Train Found. v. Spurney*, 747 F.2d 1069, 1075 (1st Cir. 1984). Personal jurisdiction comes in two flavors, specific and general.

Specific jurisdiction exists when the plaintiff's cause of action arises out of the defendant's contacts with the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 [104 S.Ct. 1868, 1872 n. 8, 80 L.Ed.2d 404] (1984). Conversely, general jurisdiction exists when the plaintiff's cause of action is unrelated to the defendant's instate activities. *Id.* at n. 9. The applicable legal standard differs depending on whether one is talking about specific or general jurisdiction. "Although minimum contacts suffice in and of themselves for specific jurisdiction ... the standard for general jurisdiction is considerably more stringent." *Dynamic Concepts v. Modern Chain Mfg. Co., Inc.*, 610 F.Supp. 285, 287 (D.R.I.1985).

*Geary v. Goldstein*, 782 F.Supp. 725, 726–27 (D.R.I.1992).

█ Plaintiff argues that the Court has specific jurisdiction based on the letters sent by defendant to Rhode Island and Massachusetts. This argument cannot withstand closer scrutiny. The action is unrelated to defendant's Rhode Island activities; the case seeks a declaratory judgment as to certain patent rights. The Court can certainly understand that the communications between KVH and Mr. Moore sparked this lawsuit; no doubt KVH desires an answer to the patent infringement question. However, the communications did not cause the patent infringement. As one court held: "The 'transaction' at issue here is essentially the granting, in Washington, D.C., in 1982 ... of a patent which plaintiff now alleges is invalid. The 'contacts between the transaction at issue and the forum state' are nearly non-existent, the more so if, as plaintiff alleges, the [products] used in [the forum state] are not infringing the patent. *Starline Optical Corp. v. Caldwell*, 598 F.Supp. 1023, 1026 (D.N.J.1984) (citations omitted).

Unlike a tort or contract action, KVH's lawsuit does not arise out of defendant's contacts with Rhode Island. The existence of the disputed patent rights does not pertain to defendant's actions in the forum. Plaintiff's complaint does not allege, nor does the Court feel it could possibly allege, a tortious business practice, a contract dispute, or any element of defamation. To succeed on the claim of personal jurisdiction, plaintiff will have to meet the more strenuous standard of general personal jurisdiction.

■ For general personal jurisdiction, plaintiff's cause of action need not be related to the forum. *Eastland Bank v. Massbank for Savings*, 749 F.Supp. 433, 436 (D.R.I.1990). A party must have "carried on 'continuous and systematic' activities within the forum sufficient to justify requiring it to answer there to a claim unrelated to its in-forum presence." *Sandstrom v. Chemlawn Corp.*, 904 F.2d 83, 88 (1st Cir.1990). The Court first examines defendant's contacts with Rhode Island.

### III

■ Mr. Moore lived in Rhode Island and attended the Rhode Island School of Design from 1963 through 1965. He has not been in Rhode Island since 1965. Mr. Moore's counsel mailed one letter to KVH in Rhode Island on January 26, 1990, advising KVH of its alleged patent infringement. For the next eighteen months, twenty letters or telephone conversations transpired between counsel for both parties. KVH's counsel at the time was located in Massachusetts. All letters and telephone conversations centered on resolution of the patent dispute.

The First Circuit has specifically addressed minimum contacts, though not in the patent area. *In Nicholas v. Buchanan*, 806 F.2d 305, 307 (1st Cir.1986), the court held that

the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State.... A defendant will be amenable to *in personam* jurisdiction if he has purposefully availed himself of the

privileges and protection of a state's laws, and if his conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there.

Mr. Moore's letters did not assert a claim under Rhode Island laws; any rights claimed arose under United States Patent Laws. The defendant "simply has not been shown to have purposefully availed himself of the privileges, benefits, and protection of Rhode Island law.... In short, this Court concluded that [the defendant] lacked 'fair warning' that his letter would subject him to the jurisdiction of Rhode Island. *Bridge v. Invest America, Inc.*, 748 F.Supp. 948, 955 (D.R.I.1990); *see also Burger King*, 471 U.S. at 472, 105 S.Ct. at 2181–82.

In *Nova Biomedical Corp. v. Moller*, 629 F.2d 190 (1st Cir.1980), the First Circuit held that the mere sending of an infringement letter into the forum state is not enough to confer jurisdiction.

[W]e do not hold here ... that "sending threatening infringement letters into the forum district suffices to succumb to that district's jurisdiction." ... Whether a patentee is ... subject to jurisdiction will depend on whether he possesses sufficient contacts with the forum to satisfy due process.... [W]e note that the mailing of an infringement notice—standing alone—has rarely been deemed sufficient to satisfy the constitutional standard.

*Id.* at 196–97 (citations omitted). Other courts are in harmony with this notion. *See Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 766 (2d Cir.1983) ("It is difficult to characterize [defendant's] letter alleging infringement in an unspecified locale and threatening litigation in an unspecified forum as an activity invoking the 'benefits and protection of New York law.' "); *Cascade Corp. v. Hiab–Foco AB*, 619 F.2d 36 (9th Cir.1980) (letters from defendant claiming patent infringement were not enough to invoke personal jurisdiction under Oregon longarm statute; to do so would offend traditional notions of fair play and substantial justice); *Classic Golf

Co. v. Karsten Mfg. Co., 231 U.S.P.Q. (BNA) 884, 885 (N.D.Ill.1986) ("The sending of infringement letters has been uniformly held insufficient by itself to satisfy the minimum contacts requirement.").

Plaintiff points to several cases where sending such infringement letters gave rise to personal jurisdiction. Four of plaintiff's cited cases merit no discussion, as personal jurisdiction arose through allegations of tortious activity in the forum. *See Velcro Group Corp. v. Billarant*, 692 F.Supp. 1443 (D.N.H.1988) (allegation of tortious unfair business competition); *Concord Labs, Inc. v. Ballard Medical Prods.*, 701 F.Supp. 272 (D.N.H.1988) (same); *Burbank Aeronautical Corp. II v. Aeronautical Dev. Corp.*, 16 U.S.P.Q.2d (BNA) 1069 (C.D.Cal.1990) (allegations of antitrust violations, unfair competition, interference with contract, and interference with prospective advantage); *Lex Computer & Management Corp. v. Eslinger & Pelton, PC*, 676 F.Supp. 399 (D.N.H.1987) (damages sought for defamatory statements).

Plaintiff cites *EMS–American Grilon Inc. v. DSM Resins U.S. Inc.*, 15 U.S.P.Q.2d (BNA) 1472, 1474 n. 2 (D.N.J. 1989) for the proposition that sending notices of patent infringement into a jurisdiction constitutes the transaction of business. The *EMS* footnote relies on *Chromium Indus., Inc. v. Mirror Polishing & Plating Co., Inc.*, 193 U.S.P.Q. 158, 161 (N.D.Ill. 1976), a case disregarded or disapproved of in later decisions, including one by the same court. *See Classic Golf*, 231 U.S.P.Q. at 885; *Lex Computer*, 676 F.Supp. at 406; *Starline Optical*, 598 F.Supp. at 1027.

Plaintiff's sole case on point is *Dolco Packaging Corp. v. Creative Indus., Inc.*, 1 U.S.P.Q.2d (BNA) 1586 (C.D.Cal.1986). In *Dolco*, the defendant sent one letter threatening plaintiff with patent infringement litigation. The court found this to be sufficient forum-related activity for the invocation of limited (specific) personal jurisdiction. The Court disagrees with this opinion in two respects. First, the Court

has already held that defendant's letters to KVH did not give rise to this action. In other words, this is not a case of specific jurisdiction. The *Dolco* court did not explain its decision that a letter legally gave rise to a declaratory judgment action; this Court is not swayed by mere assertion.[3]

Second, the Court does not feel that one letter (or even several letters) asserting allegedly valid patent rights, can give rise to personal jurisdiction, specific or general. This cannot be the sort of meaningful, purposeful forum contacts the Supreme Court had in mind in *Burger King* and *Asahi Metal*. If the Court found personal jurisdiction in this case, it would be tantamount to announcing that all patent holders are susceptible to suit in this forum if they assert their rights against a Rhode Island resident. This is not a desirable policy. It would be unfair and unjust to adopt a rule that to uphold her rights, a patent holder must submit to the jurisdiction of a wrongdoer's forum.

## IV

### A. SERVICE OF PROCESS

Under Fed.R.Civ.P. 4(c)(2)(C)(i) process may be served "pursuant to the law of the State in which the district court is held." Service was attempted by mailing a copy of the complaint to defendant through certified mail, return receipt requested. Rhode Island Superior Court Rules of Civil Procedure 4(e)(1) permits service in this manner "when an individual . . . is subject to the jurisdiction of the courts of the state." Accordingly, service of process is quashed as defendant is not subject to the personal jurisdiction of this Court.

The above-captioned case is dismissed for lack of personal jurisdiction.

SO ORDERED.

---

**3.** Additionally, in *Dolco* as well as many other cases cited by plaintiff, the parties were compet-

ing corporations.