**ELECTRONIC REALTY ASSOCIATES, L.P., Plaintiff,**

v.

**PARAMOUNT PICTURES CORP. and Famous Music Corp., Defendants.**

**No. 95–2545–GTV.**

United States District Court, D. Kansas.

Aug. 12, 1996.

Joseph B. Bowman, Devon A. Rolf, Kokjer, Kircher, Bowman & Johnson, Kansas City, MO, for plaintiff.

Heather Suzanne Woodson, Stinson, Mag & Fizzell, P.C., Overland Park, KS, W. Perry Brandt, M. Claire Masinton, Stinson, Mag & Fizzell, P.C., Kansas City, MO, for defendants.

### MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

This matter is before the court on defendants' motion (Doc. 6) to dismiss pursuant to Fed.R.Civ.P. 12(b)(2) and (3), or in the alternative, to transfer pursuant to 28 U.S.C. §§ 1404(a) and/or 1406(a). Plaintiff has responded (Doc. 15) and opposes defendants' motion. Because the court lacks personal jurisdiction over defendant Famous Music Corp. ("Famous Music") and because venue is improper as to that defendant, defendants' motion to transfer is granted.

Plaintiff has brought this declaratory judgment action seeking the court's determination that it has not infringed upon any valid trademark rights and/or copyrights possessed by defendants. Defendants respond and contend that dismissal or transfer of plaintiff's action against defendant Famous Music is appropriate because that defendant's contacts with the state of Kansas are not encompassed within the Kansas long-arm statute, K.S.A. § 60–308, nor do those contacts comport with the requirements of due process. Additionally, defendant Famous Music argues that it is entitled to dismissal or transfer of this action because venue in

this district is improper. If the court transfers plaintiff's action against defendant Famous Music, defendants further assert that, rather than bifurcate this case, the court also should transfer the action against the remaining defendant, Paramount Pictures Corp. ("Paramount"). Even if the court were to deny their request for dismissal or transfer on the above stated grounds, defendants argue, in the alternative, that the interest of justice require that the entire action be transferred to the Central District of California, where all parties can be found.

## I. SUMMARY OF RELEVANT FACTS

The facts set forth below are relevant to the court's analysis of the personal jurisdiction and venue issues presented by defendants in their motion to dismiss or transfer the case.

Plaintiff is a Delaware corporation with its principal place of business in Kansas. Plaintiff is engaged in the business of selling franchises to real estate brokerage companies. Plaintiff's programs include the training of the franchisees' brokers and their sales associates.

Defendant Paramount is a Delaware corporation with its principal place of business in California. Defendant Paramount is engaged in the business of producing audio/visual entertainment programs for various media, most notably motion pictures and television programs. It also exploits its copyright and trademark rights in those properties.

Defendant Famous Music is a Delaware corporation with its principle place of business in California. Famous Music is a music publisher who acquires, exploits, administers, and protects the rights to copyrighted musical songs and works worldwide.

Defendant Paramount produced the "Top Gun" motion picture. It claims to own a valid copyright in that motion picture. Additionally, defendant Famous Music asserts that it owns the copyright for the musical compositions incorporated in that motion picture.

Defendant Famous Music grants licenses to third parties that allow the use of the musical compositions that it owns. Famous Music collects royalty payments for that usage. In order for a third party to incorporate one of defendant Famous Music's musical compositions in synchronization with visual images, such as in a videocassette presentation, that person must seek a "synchronization license." Defendant Famous Music negotiates directly with third parties seeking a synchronization license and it maintains the right to determine whether, and upon what terms, it will issue such a license.

Plaintiff developed a "Top Gun" training program. In conjunction with this training program, plaintiff had a logo designed and had a promotional training video produced that incorporated allegedly protected trademark and copyrighted materials of defendant Paramount's "Top Gun" motion picture. Specifically, plaintiff's "Top Gun" promotional training video contains footage of defendant Paramount's "Top Gun" movie and the accompanying synchronization of the "Top Gun" musical compositions owned by defendant Famous Music. Plaintiff did not negotiate, nor obtain the necessary licenses to use the "Top Gun" footage or music in its promotional training video.

In late 1994, defendant Paramount sent plaintiff two cease and desist letters. Defendant Paramount informed plaintiff in those letters that the logo plaintiff was using in its "Top Gun" training program was an infringement upon defendant Paramount's trademark rights. Defendant Famous Music joined defendant Paramount in sending another cease and desist letter in December 1995. In that letter, defendants informed plaintiff that the "Top Gun" promotional training video infringed upon their copyrighted material. This letter was the only contact that defendant Famous Music had with plaintiff in the state of Kansas.

Defendant Famous Music's other contacts with the state of Kansas occur through the manufacture and distribution of audio products, such as phonorecords, that embody its musical compositions. Famous Music, however, does not direct its own product into Kansas. Rather, it uses the services of the Harry Fox Agency to issue compulsory me-

chanical licenses[1] for third parties to manufacture and distribute defendant Famous Music's musical compositions in that state for sale to the public.

## II. LEGAL STANDARDS

The standard that governs a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction is well-established: The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient not withstanding the contrary presentation by the moving party. *Behagen v. Amateur Basketball Ass'n,* 744 F.2d 731, 733 (10th Cir.1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (citations omitted); *see also Williams v. Bowman Livestock Equip. Co.,* 927 F.2d 1128, 1130–31 (10th Cir.1991); *Rambo v. American Southern Ins. Co.,* 839 F.2d 1415, 1417 (10th Cir.1988); *Key Indus. Inc. v. O'Doski, Sellers & Clark, Inc.,* 872 F.Supp. 858, 860 (D.Kan.1994).

Likewise, upon a challenge to venue, the plaintiff has the burden of showing that venue is proper in the forum state. *M.K.C. Equip. Co., Inc. v. M.A.I.L. Code, Inc.,* 843 F.Supp. 679, 682 (D.Kan.1994). The procedure to decide a motion to dismiss for improper venue is generally the same as for deciding a motion to dismiss for lack of personal jurisdiction. *Id.*

## III. DISCUSSION

In analyzing a motion to dismiss for lack of jurisdiction, the court must apply a two-part test. First, the court must determine if the defendant's conduct falls within one of the provisions of the forum state's long-arm statute. Second, the court must determine whether the defendant had sufficient minimum contacts with the forum state to satisfy the constitutional guarantee of due process. *Equifax Servs., Inc. v. Hitz,* 905 F.2d 1355, 1357 (10th Cir.1990); *Carrothers Constr. Co. v. Quality Serv. & Supply, Inc.,* 586 F.Supp. 134, 135 (D.Kan.1984).

Under Kansas' long-arm statute, "[a]ny person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person ... to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts." K.S.A. § 60–308(b). "Transaction of any business within this state ..." is one of the enumerated acts covered by this statute. K.S.A. § 60–308(b)(1).

The Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresidents to the full extent permitted by the Due Process Clause of the Fourteenth Amendment. *Equifax,* 905 F.2d at 1357 (quoting *Volt Delta Resources, Inc. v. Devine,* 241 Kan. 775, 740 P.2d 1089, 1092 (1987)). This rule of liberal construction, however, does not mean that the court may ignore the long-arm statute's enumerated provisions. *See J.E.M. Corp. v. McClellan,* 462 F.Supp. 1246, 1251 (D.Kan.1978) (service of process may take place only under the circumstances embraced by the provisions of K.S.A. § 60–308(b)). Kansas courts routinely refuse to exercise jurisdiction where the plaintiff fails to establish that a defendant's conduct meets the statutory criteria. *See Misco Leasing, Inc. v. Vaughn,* 450 F.2d 257 (10th Cir.1971); *Green Country Crude, Inc. v. Avant Petroleum, Inc.,* 648 F.Supp. 1443 (D.Kan.1986); *Dirks v. Carnival Cruise Lines,* 642 F.Supp. 971 (D.Kan.1986); *Schlatter v. Mo–Comm Futures, Ltd.,* 233 Kan. 324, 662 P.2d 553 (1983); *Misco–United Supply, Inc. v. Richards of Rockford, Inc.,* 215 Kan. 849, 528 P.2d 1248 (1974).

---

**1.** A compulsory mechanical license permits a third party to manufacture and distribute for sale to the public phonorecords of musical composi-

tions that have previously been manufactured and distributed by the originator of the copyright.

■ In opposition to defendants' motion, plaintiff has submitted affidavits outlining defendant Famous Music's contacts with the state of Kansas. Examples of those contacts include:

1. Defendant Famous Music co-authored a cease and desist letter that was mailed to plaintiff in Kansas in which it requested that plaintiff stop infringing on defendant Famous Music's copyrighted musical compositions;

2. The "Top Gun" motion picture, including the copyrighted musical compositions, were distributed and performed in Kansas;

3. Videos of the "Top Gun" movie, which include the copyrighted musical compositions, are available for rent and sale in Kansas;

4. The soundtrack containing the copyrighted musical compositions of the "Top Gun" movie is available for sale in music stores in Kansas; and

5. Defendant Famous Music is a member of ASCAP which licenses the right to play and/or broadcast the "Top Gun" musical compositions in Kansas.

The above described activities support a prima facie case that defendant Famous Music was transacting business in Kansas. However, transacting business in the forum state is only one of the requirements under the Kansas long-arm statute; those contacts also must be related to plaintiff's cause of action. *See* K.S.A. § 60–308(b). The court notes that the only contact that defendant Famous Music had with the forum state relating to plaintiff's declaratory judgment action is the one cease and desist letter it sent plaintiff asking plaintiff to stop infringing on its copyright. Thus, defendant Famous Music is subject to the court's personal jurisdiction under Kansas' long-arm statute only if a nexus exists between that one contact and plaintiff's cause of action.

No Kansas case has addressed whether a non-domiciliary defendant's act of sending one cease and desist letter into the state that triggers a declaratory judgment action is related to that action in a way that satisfies the requirements of the Kansas long-arm statute. In a case involving the interpretation of a similar long-arm statutory requirement, *Bea-*con Enterprises, Inc. v. Menzies, 715 F.2d 757 (2d Cir.1983), the Second Circuit Court of Appeals held that the New York long-arm statute was not satisfied by the sending of a single cease and desist letter into the forum state by the defendant in a declaratory judgment action. *Id.* at 766 (long-arm statute required that defendant's contacts with the forum state be related to the cause of action). The court reasoned that it would be difficult to find that " 'plaintiff's cause of action arose out of the defendant's within-the-state transactions' " in a proceeding where plaintiff seeks to establish that he or she has not injured the non-domiciliary. *Id.* at 765 (quoting *Columbia Pictures Indus. Inc. v. Schneider*, 435 F.Supp. 742, 750 (S.D.N.Y. 1977). As the court in *Zumbro, Inc. v. California Natural Prods., Inc.*, 861 F.Supp. 773 (D.Minn.1994), noted:

> Although an infringement letter might "give rise" to a declaratory judgment action ... it does so only in the sense that receiving such a letter may create a controversy motivating the accused infringer to commence an action to declare its rights. Such letters have no bearing on, i.e. are unrelated to, the subject matter of the subsequent claim: is the patent valid and, if so, have the plaintiff's acts infringed it. In addition, [defendant's] act of sending an infringement letter to [plaintiff] was an exercise of its rights under federal patent laws; doing so should not subject it to suit in any forum wherein it finds a party allegedly infringing its patents.

*Id.* at 780–81 (citations and footnotes omitted).

Similarly, defendant Famous Music's mailing of one cease and desist letter into the forum state does not satisfy the requirements of the Kansas long-arm statute because that letter is unrelated to the subject matter of the claims in plaintiff's declaratory judgment action. The court concludes that defendant Famous Music is not subject to the court's personal jurisdiction under the provisions of the Kansas long-arm statute.

■ Based on the above discussion, the court also concludes that venue in this district is improper as to defendant Famous

Music. Under the applicable venue statute for civil copyright actions, an action "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400. This court has followed a broad interpretation of the copyright venue provision and has determined that a defendant is "found" in "any district in which personal jurisdiction could be obtained over it." *Palka v. Theodore M. Hylwa, M.D., Inc.*, No. 85–2480, 1986 WL 22380, at *2 (D.Kan.1986) (citing *Varsic v. United States Dist. Court for Cent. Dist. of Cal.*, 607 F.2d 245, 248 (9th Cir.1979)). Thus, venue in this district is improper for defendant Famous Music because it is not subject to the court's personal jurisdiction.

■ The court next must determine whether defendant Famous Music should be dismissed from the instant action, or whether the action against it should be transferred to a district where venue and personal jurisdiction are proper. It is well-established that the court, in the interest of justice, may cure improper venue by transferring the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Additionally, the court may transfer a case to a district where venue is proper even if the court lacks personal jurisdiction over the defendant. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 915, 8 L.Ed.2d 39 (1962) ("language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not"); *see also Tillman v. Eattock*, 385 F.Supp. 625 (D.Kan. 1974) (section 1406 allows court to cure venue whenever there is an obstacle to " 'an expeditious and orderly adjudication' on the merits").

■ Rather than dismissing plaintiff's declaratory judgment action against defendant Famous Music, the court concludes that the ends of justice require that plaintiff's action against that defendant be transferred. The parties do not dispute that both personal jurisdiction and venue are proper in the Central District of California. Thus, defendant Famous Music's motion to transfer plaintiff's declaratory judgment action against it to the United States District Court for the Central District of California is granted.

The transfer of plaintiff's action against defendant Famous Music does not end the court's inquiry. Defendant Paramount did not contest either personal jurisdiction or venue, and, thus, has waived those objections. The issue remaining for the court is whether plaintiff should proceed against defendant Paramount in this court or whether the interest of justice would be better served if the court transferred the entire action to the Central District of California.

Section 1404(a) of Title 28, United States Code, provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In the instant action, plaintiff's claims against both defendants turn upon factual allegations that are entangled. *See Hansen–Moor Assoc., Inc. v. Allied B/J Trust*, No. 91–4192–C, 1992 WL 190714, at *5 (D.Kan.1992) (rather than bifurcate the action, transfer of entire case is appropriate where allegations are "inextricably intertwined"). Additionally, the Central District of California is an appropriate forum to hear this case, the evidence indicates that the speedy and efficient administration of justice would be better served in that forum, and plaintiff would not be unfairly disadvantaged in vindicating its rights there. *See National Union Fire Ins. Co. v. Contech Construction Products, Inc.*, No. 90–2290–V, 1991 WL 127076, at *1 (D.Kan.1991); *Composite Marine Propellers, Inc. v. Van Der Woude*, 741 F.Supp. 873, 878–79 (D.Kan.1990). The court concludes that the interest of justice are best served if the entire action is transferred to the United States District Court for the Central District of California.

IT IS, THEREFORE, BY THE COURT ORDERED that defendants' motion (Doc. 6) to dismiss plaintiff's declaratory judgment action with respect to personal jurisdiction and improper venue is denied.

IT IS FURTHER ORDERED that defendants' alternative motion to transfer venue for the entire action is granted. The clerk

shall transmit the court file along with a copy of this order to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), for all further proceedings.

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**