DOUGLAS FURNITURE COMPANY OF CALIFORNIA, INC., Plaintiff,

v.

WOOD DIMENSIONS, INC., Defendant.

No. CV 96–2531 DDP.

United States District Court, C.D. California.

May 2, 1997.

Robert D. Hornbaker, Freilich, Hornbaker & Rosen, Los Angeles, CA, for Douglas Furniture Company of California, Inc.

Richard A. Penn, Richard A. Penn Law Offices, Santa Monica, CA, Antonio R. Durando, Antonio R. Durando Law Offices, Tucson, AZ, Terri A. Roberts, Terri A. Roberts Law Offices, Tucson, AZ, for Wood Dimensions, Inc.

### Order Granting Defendant's Motion To Dismiss For Lack of Personal Jurisdiction

PREGERSON, District Judge.

Defendant's motion to dismiss for lack of personal jurisdiction, improper venue, or, in the alternative, to transfer came before the Court on March 17, 1997. After reviewing and considering the materials submitted by the parties and hearing oral argument, the Court grants Defendant's motion to dismiss for lack of personal jurisdiction.

### I. BACKGROUND

Plaintiff Douglas Furniture Company of California, Inc. ("Douglas Furniture") is a California corporation with its principal place of business in California. Douglas Furniture manufactures and sells furniture in the southwest region of the United States, including California and Arizona.

Defendant Wood Dimensions, Inc. ("Wood Dimensions") is an Arizona corporation with no offices, employees, or agents in California. Wood Dimensions manufactures and sells southwestern furniture in Arizona. Wood Dimensions has never transacted any business within California; it has never contracted outside of California to supply goods or services to California. Wood Dimensions contends that it has never solicited sales from customers in California or advertised its goods for sale in California.

In February 1996, Wood Dimensions learned that Douglas Furniture was marketing and advertising for sale in Tucson a certain table set. Wood Dimensions believes that the table set marketed by Douglas Furniture is substantially identical to a table set that Wood Dimensions designed and has marketed since 1991. Wood Dimensions believes that it has proprietary rights in the table set, although it does not have a patent for the design.

On March 6, 1996, Wood Dimensions, through its attorney, sent Douglas Furniture a cease-and-desist letter. The letter informed Douglas Furniture that Wood Dimensions had proprietary rights in the table set and that it would take legal action if Douglas Furniture did not cease selling the table set immediately. On March 20, 1996, Douglas Furniture responded by requesting documents relating to the table set.

On March 25, 1996, Wood Dimensions sent a second cease-and-desist letter. On April 29, 1996, Douglas Furniture, in response to Wood Dimensions' second cease-and-desist letter, sent Wood Dimensions a letter threatening to serve a complaint for declaratory judgment if Wood Dimensions did not withdraw its allegations. When Wood Dimensions did not respond, Douglas Furniture filed a complaint seeking a declaratory judgment that it is not violating any rights of Wood Dimensions in the design of the table set.

Wood Dimensions moves to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(3) for lack of personal jurisdiction and improper venue. In the alternative, Wood Dimensions seeks transfer to Arizona under 28 U.S.C. § 1404(a).

Douglas Furniture opposes Wood Dimensions' motion, contending that the Court has specific personal jurisdiction over Wood Dimensions based upon the two cease-and-desist letters Wood Dimensions sent to Douglas Furniture in this jurisdiction.

## II. DISCUSSION

■ Douglas Furniture bears the burden of establishing that the Court has either general or specific personal jurisdiction over Wood Dimensions. *See Amoco Egypt Oil Co. v. Leonis Navigation Co.,* 1 F.3d 848, 850 (9th Cir.1993). Because the Court is not conducting an evidentiary hearing, dismissal pursuant to Rule 12(b)(3) is appropriate only if Douglas Furniture fails to make a prima facie showing of personal jurisdiction over Wood Dimensions. *See id.*

■ Where there is no applicable federal statute, federal courts apply the forum state's long-arm statute to determine personal jurisdiction. *See Core–Vent Corp. v. Nobel Industries AB,* 11 F.3d 1482, 1484 (9th Cir. 1993). Here, therefore, the Court must apply California's long-arm statute, which permits courts to exercise personal jurisdiction over nonresident defendants to the extent permitted by the due process clause of the United States Constitution. See Cal.Code. Civ. P. § 410.10; *see also Core–Vent,* 11 F.3d at 1484.

### A. General Personal Jurisdiction

■ A federal court may exercise general personal jurisdiction over a party as to any cause of action if the party is domiciled in the forum state or if its activities there are "substantial" or "continuous and systematic." *See Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 414–16, 104 S.Ct. 1868, 1872–73, 80 L.Ed.2d 404 (1984); *Omeluk v. Langsten Slip & Batbyggeri A/S,* 52 F.3d 267, 268 (9th Cir.1995).

Douglas Furniture does not contend that the Court has general personal jurisdiction over Wood Dimensions, nor is there any evidence that Wood Dimensions has sufficient contacts with California to subject it to the Court's general personal jurisdiction. Accordingly, the Court finds that it does not have general jurisdiction over Wood Dimensions.

### B. Specific Personal Jurisdiction

■ Even if a nonresident party's contacts with the forum state are insufficient for general personal jurisdiction, the party may be amenable to jurisdiction under the specific jurisdiction doctrine if the claim is related to the party's activities in or contacts with the forum state. *See Helicopteros,* 466 U.S. at 414 n. 9, 104 S.Ct. at 1872 n. 9. The test for specific personal jurisdiction has three parts. First, the nonresident defendant must have purposefully directed its activities at the forum or residents of the forum or purposefully availed itself of the privilege of conducting activities within the forum state, thereby invoking the benefits and protections of its laws. *See Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Second, the plaintiff's claim must arise out of or result from the nonresident defendant's forum-related activities. *See Omeluk,* 52 F.3d at 270. Third, exercise of jurisdiction must be reasonable, i.e., it must "comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184, 85 L.Ed.2d 528 (1985).

■ Douglas Furniture contends that this Court has specific personal jurisdiction over Wood Dimensions because Wood Dimensions purposefully availed itself of this forum when it sent the two cease-and-desist letters to Douglas Furniture in California. Douglas Furniture cites *Burbank Aeronautical Corp. II v. Aeronautical Development Corp.,* 16 U.S.P.Q.2d 1069, 1990 WL 261395 (C.D.Cal. 1990), and *Dolco Packaging Corp. v. Creative Industries, Inc.,* 1 U.S.P.Q.2d 1586, 1986 WL 84366 (C.D.Cal.1986), for the proposition that the mere act of sending letters threatening litigation into the forum jurisdiction is sufficient to establish specific personal jurisdiction over the author.

The Court declines to follow *Burbank* and *Dolco.* The Court finds that none of the three requirements of the specific jurisdiction test are met by the facts in this case.

## 1. *Purposeful availment.*

The purposeful availment requirement "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person." *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183 (internal quotations and citations omitted).

The analysis under the purposeful availment prong differs depending on whether the action involves allegations of tortious conduct or contract obligations. *See Ziegler v. Indian River County,* 64 F.3d 470, 473 (9th Cir.1995); *Sinatra v. National Enquirer,* 854 F.2d 1191, 1195 (9th Cir.1988). In tort cases, jurisdiction "can be predicated on (1) intentional actions (2) expressly aimed at the forum state (3) causing harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum state." *Core–Vent,* 11 F.3d at 1486 (defining doctrine known as the "effects test"). In cases arising from contract disputes, however, merely contracting with a resident of the forum state is insufficient to confer specific jurisdiction, although "parties who 'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other [s]tate for the consequences of their activities." *Burger King,* 471 U.S. at 473, 105 S.Ct. at 2182 (quoting *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950)).

The current dispute does not arise from a contract between the plaintiff and the defendant. Nor does the dispute result from any alleged tortious conduct by the defendant.[1] Instead, the dispute results from the alleged tortious conduct of the plaintiff. The Court

finds that absent allegations of tortious conduct by Wood Dimensions, due process concerns favor adherence to the rule articulated in the commercial context, which is that "use of the mails, telephone, or other international communications simply do not qualify as purposeful activity invoking the benefits and protections of the [forum] state." *Roth v. Garcia Marquez,* 942 F.2d 617, 622 (9th Cir. 1991) (quoting *Peterson v. Kennedy,* 771 F.2d 1244, 1262 (9th Cir.1985)).[2]

The Court notes that its decision is consistent with other courts, both within the Ninth Circuit and without. *See, e.g., Stairmaster Sports/Medical Products, Inc. v. Pacific Fitness Corp.,* 916 F.Supp. 1049 (W.D.Wash. 1994) (finding that specific personal jurisdiction was lacking where the only possible basis for jurisdiction was the defendant's act of sending cease-and-desist letters into the forum state); *KVH Industries, Inc. v. Moore,* 789 F.Supp. 69 (D.R.I.1992) (same).

## 2. *Arising out of forum-related activities.*

Even if the letters satisfied the purposeful availment requirement, the case at bar nonetheless would fail the second element of the test, which requires that the plaintiff's claim arise out of the defendant's forum-related activities.

Douglas Furniture's declaratory judgment action "arises from" Wood Dimensions' forum-related activities only in the most superficial of senses. The only way in which the cease-and-desist letters gave rise to this action is that receiving the letters motivated Douglas Furniture to commence a declaratory judgment action. As the *Stairmaster* court observed, letters threatening litigation are unrelated to the subject matter of the actual controversy, which is whether the declaratory judgment defendant has intellectual property rights that have been infringed by

1. The Court notes that its analysis would be different if Wood Dimensions' conduct were actionable (e.g., if Douglas Furniture had alleged that Wood Dimensions had committed a tortious business practice or some form of defamation). *See, e.g., California Software Inc. v. Reliability Research, Inc.,* 631 F.Supp. 1356 (C.D.Cal.1986) (holding that under the "effects test," jurisdiction could be based on out-of-state communications when the communications "were expressly calculated to cause injury in California").

2. *Peterson* and *Roth* both involved international communications, but this fact does change the jurisdictional analysis under the purposeful availment prong of the three-part test. The impact of the international character of *Peterson* and *Roth* falls upon the reasonableness prong. Whether use of the mails invokes the benefits and protections of the forum state does not depend on the site of the mails' origin.

the declaratory judgment plaintiff. *Stair-master,* 916 F.Supp. at 1056.

### 3. *Reasonableness.*

In *Cascade Corporation v. Hiab–Foco AB,* 619 F.2d 36 (9th Cir.1980), the Ninth Circuit held that exercising specific personal jurisdiction over a nonresident defendant based solely on a series of cease-and-desist letters sent into the forum state would offend traditional notions of fair play and substantial justice. *See id.* at 38. However, five years after *Cascade* was decided, the U.S. Supreme Court modified the reasonableness test by holding that "where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King,* 471 U.S. at 477, 105 S.Ct. at 2184–85.

Here, the Court has found that Wood Dimensions has not purposefully availed itself of the benefits of the forum state. However, even if Wood Dimensions' conduct satisfied the purposeful availment requirement, the Court finds that jurisdiction in this case would be unreasonable, even in light of the *Burger King* modification to the reasonableness test.

It would be unreasonable to require an intellectual property owner to risk having to submit to the jurisdiction of an alleged infringer in order to exercise his rights. *See Polaroid Corp. v. Feely,* 889 F.Supp. 21, 27 (D.Mass.1995). A contrary holding "would be tantamount to announcing that all patent holders are susceptible to suit in this forum if they assert their rights against a [forum] resident." *KVH Indus.,* 789 F.Supp. at 73.

Moreover, any other holding would discourage parties from attempting to resolve their conflicts without resort to the legal system. If any attempt by an intellectual property holder to put an alleged wrongdoer on notice forced the property holder to submit to the jurisdiction of the alleged wrongdoer's forum, an intellectual property owner would be forced to file an action in his own jurisdiction in order to avoid the threat of being haled before a court in another, possibly distant state.

### III. CONCLUSION

Here, Wood Dimensions' only contacts with this jurisdiction are the two cease-and-desist letters. Such letters, without more, are insufficient to establish specific personal jurisdiction over a nonresident defendant. Therefore, the Court finds that it lacks personal jurisdiction over Wood Dimensions and grants Wood Dimensions' motion to dismiss Douglas Furniture's action.

**IT IS SO ORDERED.**